**HILLTOP VILLAGE, INCORPORATED,**
**Appellant,**

v.

**KERRVILLE INDEPENDENT SCHOOL**
**DISTRICT, Appellee.**

No. 14540.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 30, 1966.

Biery, Biery, Wood & Davis, Leonard E. Davis, San Antonio, for appellant.

Lavern D. Harris, Kerrville, for appellee.

MURRAY, Chief Justice.

This suit was instituted in the District Court of Kerr County by Hilltop Village, Incorporated, against the Kerrville Independent School District, for a judgment un-

der the provisions of Article 2524–1, Vernon's Ann.Civ.St., declaring its certain 7.2 acres of land, together with all improvements located thereon, situated within the taxing jurisdiction of the Kerrville Independent School District, exempt from certain ad valorem taxes assessed by defendant for the years 1963, 1964, and 1965. The case was submitted to the trial court on an agreed statement of facts, together with a number of exhibits. The trial court, without the intervention of a jury, rendered judgment declaring that plaintiff, Hilltop Village, Incorporated, does not qualify for and is not entitled to exemption from the ad valorem taxes assessed by the school district on Hilltop's property on the ground that it is an institution of purely public charity, from which judgment Hilltop Village, Incorporated, has prosecuted this appeal.

■ Our State Constitution authorizes the Legislature, by general laws, to exempt from taxation all buildings used exclusively and owned by institutions of purely public charity. River Oaks Garden Club v. City of Houston, 370 S.W.2d 851 (Tex.1963); Morris v. Lone Star Chapter No. 6, Royal Arch Masons, 68 Tex. 698, 701, 5 S.W. 519; Santa Rosa Infirmary v. City of San Antonio, (Com.App.) 259 S.W. 926; Texas Constitution, Article VIII, § 2, Vernon's Ann.St.; Article 7150, Vernon's Ann.Civ. St.

■ The burden of proof is on one claiming exemption from taxation to show by facts that he comes clearly within the requirements of the Constitution and statutory exemptions. Morris v. Lone Star Chapter No. 6, Royal Arch Masons, supra; Daughters of St. Paul, Inc. v. City of San Antonio, Tex.Civ.App., 387 S.W.2d 709; Malone-Hogan Hospital Clinic Foundation, Inc. v. City of Big Spring, Tex.Civ.App., 288 S.W.2d 550; Raymondville Memorial Hospital v. State, Tex.Civ.App., 253 S.W. 2d 1012; Trinity Methodist Episcopal Church v. City of San Antonio, Tex.Civ. App., 201 S.W. 669; Benevolent & Protec-

tive Order of Elks v. City of Houston, Tex. Civ.App., 44 S.W.2d 488. The Courts of Texas are committed to a strict construction of constitutional and statutory tax exemption provisions. River Oaks Garden Club v. City of Houston, supra.

The Hilltop Village, Incorporated, is a non-profit corporation organized principally for the purpose of establishing, maintaining, operating and managing homes for older adults in the Kerrville District, as a project of the Methodist Church, and authorized by action of the Southwest Texas Conference of the Methodist Church.

The property involved herein was purchased by Hilltop Village, Incorporated, on March 7, 1961, and is owned by Hilltop subject to the following:

1. Regulatory agreement with the Federal Housing Administration, dated October 13, 1961.

2. Deed of Trust executed by Hilltop Village, Inc., securing the payment of a note in the principal sum of $1,023,300.00, dated October 13, 1961, executed by Hilltop Village and payable to T. J. Bettes Company, or order, at Houston, Texas.

3. Modification Agreement by and between Hilltop Village, Incorporated, Mortgagor, T. J. Bettes Company, Mortgagee, and John F. Austin, Jr., Trustee, dated February 10, 1964.

4. A Deed of Trust made and entered into by and between Hilltop Village, Incorporated, Grantor, Jerome Sneed, Jr., Trustee, and T. B. Porter, d/b/a Porter Plumbing & Heating Co., beneficiary, dated April 1, 1964.

5. Deed of Trust executed by Hilltop Village, Incorporated, to secure a certain note renewed and extended and payable to T. B. Porter, d/b/a Porter Plumbing and Heating Co., dated February 1, 1965.

■ Hilltop Village has now completed its home for older adults on the 7.2 acres of land above referred to, and at the present

time there are 86 residents, of whom 67 are able to pay the full cost of their care and 19, part of such cost. Thus 22 per cent of the residents are paying less than the full price for their dwellings. The largest amount of so-called charity received by a resident each month is $165.00, but the average amount received by the 19 so-called charity residents is $54.42 per month.

Hilltop Village is a single one-story building development complex composed of room accommodations for 133 persons, together with a cafeteria, chapel, library, game lounge, or social area, a laundry room, a canteen, mechanical rooms and administrative offices. The basic cost to a resident depends upon the type of room accommodation furnished and ranges from $150.00 per person per month to $215.00 per person per month based upon a written instrument, and is charged all tenants who are able to pay. The services provided by the corporation other than the rooming units and meals in the cafeteria, generally, are bed linen, towels, wash cloths and laundry of same, maid service for regular cleaning of rooms, constant nursing supervision, and the free use of the library, game, social and recreation area, where various games are played, programs and meetings held, and television is viewed, laundry room facilities where washers and dryers are located, and a chapel.

There are a number of other stipulations as to how Hilltop Village operates its home for the older adults but no useful purpose would be served by setting them out.

 It is apparent from the agreed stipulations of the parties that Hilltop Village is not a purely public charity and is not operated as such. The furnishing of homes to older adults is not in itself a charitable purpose. It is not the duty of the government to furnish homes to older adults. It is true that Hilltop Village is a non-profit corporation and has a worthy and worthwhile purpose, but under the facts in this case it cannot be classified as an institution of purely public charity. River Oaks Garden Club v. City of Houston, supra; Methodist River Oaks Apartments, Inc. v. City of Waco, 409 S.W.2d 485, an opinion recently delivered by the Waco Court of Civil Appeals. The latter case is on all-fours with the case at bar.

The judgment of the trial court is affirmed.