**Mrs. Stella M. McCLURE et al.,**
**Appellants,**

v.

**CITY OF TEXARKANA, Texas, Appellee.**
**No. 7897.**

Court of Civil Appeals of Texas.

Texarkana.

Nov. 5, 1968.

Rehearing Denied Dec. 3, 1968.

Harry Friedman, Harkness, Friedman & Kusin, Texarkana, for appellants.

Leon Pesek, City Atty., Dennis Shirk, Asst. City Atty., Texarkana, for appellee.

CHADICK, Chief Justice.

Texarkana, Texas, a Home Rule City, instituted this tax suit in a District Court of Bowie County, and named as defendants Stella M. McClure, a widow, and her son, Marvin Robert McClure, along with ten other parties alleged to hold some character of lien upon the real property described in the City's trial petition. The City also impleaded as taxing units the State of Texas, the County of Bowie, Texarkana Independent School District, and Texarkana Junior College District to permit such units to establish any tax and tax lien claimed by them. Mrs. McClure's original answer plead that the property was used exclusively for school purposes and for that reason she was exempt from payment of taxes levied on it. By a cross-action, Mrs. McClure sought a judgment compelling the taxing units "to recognize the immunity from taxation of the property herein described, and require that said exemption from taxation be granted to the cross-plaintiff as authorized by law".

After hearing the case without the aid of a jury, the trial judge rendered judgment that the several taxing units recover the aggregate total of $3,573.51 from Mrs. McClure and Marvin Robert McClure, foreclosed the tax lien and subrogated the liens of the lienholders to that of the taxing units. Mrs. McClure and Marvin Robert McClure have perfected appeals and as appellants have briefed two points of error.

The issue appellant's first point of error requires this court to determine is whether or not the judgment is so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust. The objective of the argument under this point is to demonstrate that the great weight of the evidence proves that the property in suit was used exclusively for school purposes at all times pertinent to the suit. Mrs. McClure's pleadings alleged that the real property, three city lots, together with the buildings and improvements thereon, was used in the operation "of a business college and mechanical trade school for the general public".

The Constitution of Texas, Art. 8, § 2, Vernon's Ann.St., empowers the legislature to exempt from taxation "all buildings used exclusively and owned by persons or associations of persons for school purposes". An act of the Legislature, Vernon's Ann. Tex.Rev.Civ.Stat. art. 7150, par. 1 (1960) exempts "[A]ll public colleges, public academies * * *." from taxation, but as a prerequisite to enjoyment of the exemption privilege the enactment prescribes certain action, to-wit:

"* * *, that said schools * * * desiring the right of exemption of the properties hereinabove mentioned, shall first prepare and file with the Tax Assessor of the County in which such property is situated, a complete itemized statement of all of said property, any and every kind whatsoever, which is claimed to be exempt from taxation under the provisions of this particular law, and all

property not so listed shall be assessed and it shall be the duty of the Tax Assessor to make levy on the same, and for the Tax Collector to collect the said taxes.

"Said itemized list of exemptions when made by the said schools or churches shall be sworn to by some officer of the said schools or church familiar with the facts, and when the same has been filed with the Tax Assessor same shall be by him filed in his office, subject to inspection at any time by any person desiring to see the same."

Mrs. McClure testified the property was used exclusively for school purposes, but she did not describe the school curriculum, nor otherwise indicate the nature of the educational advantages the school offered its students. Neither is there testimony on this subject from other sources. However, if her conclusory statements should be regarded as sufficient to establish that the school was an institution that might qualify for tax exemption, the point of error could not for that reason be sustained as the cited statute requires an institution claiming exemption to file a sworn statement of the character specified in the quotation above.

It is undisputed in the record that title to the property in suit was in Mrs. McClure's name, and that she did not prepare and file with the Tax Assessor of Bowie County, or with the Tax Assessor of any of the taxing units named in the lawsuit, a complete sworn statement of all property of every nature and kind she, or the school operated by her, claimed to be exempt from taxation under the provisions of Art. 7150, par. 1, nor did anyone else do so in behalf of the school. In explanation of this default, she testified that she was not aware of the statutory requirement necessitating the sworn statement. She consulted, her testimony shows, the Tax Collector of two of the taxing units, the Texarkana City Attorney, and wrote the Texas Attorney

General, but none of those consulted advised her of the procedure to be followed to secure tax exemption. When tax notices were received from taxing units she pinned a notation on the notice that the property was tax exempt as a school, and returned the statements to the senders. Receipt of return of such notices was not acknowledged by witnesses testifying for the tax units, though Mrs. McClure's testimony on this does not stand denied in toto.

 Because exemption from taxation is not favored, the person or institution claiming an exemption must satisfy in detail all the substantive requirements of the law that grants it. Hilltop Village, Inc. v. Kerrville Independent School District, 410 S.W.2d 824 (Tex.Civ.App., San Antonio, 1966, affm'd 426 S.W.2d 943, Tex.1968); Methodist River Oaks Apts., Inc. v. City of Waco, 409 S.W.2d 485 (Tex.Civ.App. Waco 1966, writ ref'd, n. r. e.); Daughters of St. Paul, Inc. v. City of San Antonio, 387 S.W.2d 709 (Tex.Civ.App. San Antonio 1965, writ ref'd, n. r. e.); David Graham Hall Foundation v. Highland Park Independent School District, 371 S.W.2d 762 (Tex.Civ.App. Dallas 1963, writ ref'd, n. r. e.); Radio Bible Hour, Inc. v. Hurst-Euless Independent School District, 341 S.W.2d 467 (Tex.Civ.App.1960, Fort Worth, writ ref'd, n. r. e.); Malone-Hogan Hospital Clinic Foundation, Inc. v. City of Big Spring, 288 S.W.2d 550 (Tex.Civ.App. Eastland 1956, writ ref'd, n. r. e.); Raymondville Memorial Hospital v. State, 253 S.W.2d 1012 (Tex.Civ.App. San Antonio 1952). Mrs. McClure did not offer proof that a sworn statement as contemplated by law was filed in behalf of the school, nor justify failure to do so. The point of error as to her is overruled.

 That Marvin Robert McClure should have been dismissed as a party to the tax suit is argued under the second point of error. An effort was made in the

cross examination of Mrs. McClure to show that her son Marvin Robert McClure owned or claimed an interest in the school and property in suit. It was admitted that he participated in school management and operation, including teaching and soliciting students. He sometimes described himself as "President", "Trustee", or "Administrator" of the school, but Mrs. McClure denied that he owned or claimed a proprietary interest in it. No developed fact nor permissible inference therefrom tended to show he owns such an interest, and the direct and positive testimony to the contrary is undisputed. His motion to be dismissed as a party, filed preliminary to hearing, was properly overruled at the time it was presented to the trial judge for decision because liability vel non was the subject of proof and none had been offered at the time. The argument under the second point of error does make it apparent that complaint is urged that no evidence supports the judgment against Robert Marvin McClure. In the interest of justice this court may in the exercise of discretion consider a faulty point of error when the substance of the complaint is made clear by the argument under it. Lofland v. Jackson, 237 S.W.2d 785 (Tex.Civ.App. Amarillo 1951, writ ref'd, n. r. e.). The reviewing court may permit a brief to be amended to show the true basis of complaint, Texas Rules of Civil Procedure, rules 429 and 430 (1967), anticipate that an amendment to the brief to state a permissible point of error will be made, and act accordingly. Texaco, Inc. v. Joffrion, 363 S.W.2d 827 (Texarkana Ct.Civ.App., 1963, writ ref'd, n. r. e.). Proof adduced in the course of the trial does not support judgment against Mr. McClure and the appellant's second point of error is sustained.

It is ordered that the judgment of the trial court be reformed by dismissing Marvin Robert McClure as a party, and as reformed affirmed. The opinion filed herein on October 22, 1968, is withdrawn and this substituted for it.