DALLAS COUNTY APPRAISAL DIS-
TRICT and Dallas County
Appraisal Review Board, Appellants,

v.

INSTITUTE FOR AEROBICS
RESEARCH, Appellee.

No. 05–86–00883–CV.

Court of Appeals of Texas,
Dallas.

Jan. 31, 1989.
Rehearing Denied Feb. 28, 1989.

Peter G. Smith, Roy L. Armstrong, Dallas, for appellants.

B. Prater Monning, III, Michael G. Wimer, Dallas, for appellee.

Before STEPHENS,[1] McCLUNG and LAGARDE, JJ.

## OPINION ON REHEARING

McCLUNG, Justice.

Both appellants and appellee filed motions for rehearing and we grant appellants' motion for rehearing. We withdraw our original opinion and the following is now our opinion.

The Dallas County Appraisal District and the Dallas County Appraisal Review Board (collectively referred to as the District) appeal the entry of a summary judgment in favor of the Institute for Aerobics Research (Institute) granting it an exemption from ad valorem taxes for the year 1985. The District claims in points of error one, three, four, five and six that there were issues of material fact on whether the Institute/taxpayer met the criteria for tax exemption under certain statutory and constitutional provisions. In point of error two, it contends that the District's summary judgment should have been granted. In point of error seven, it claims the trial court erred in denying the District's summary judgment because the Institute did not meet the criteria for exemption as a religious organization. In point of error eight, the District asserts the trial court erred in denying the District's summary judgment because the Institute's claim that they were denied due process under 42 U.S.C. § 1983 was frivolous. We agree only with those points of error claiming there were remaining issues of material fact with regard to the entry of the Institute's summary judgment and reverse and remand this matter for trial.

The Institute's summary judgment evidence, an affidavit from its Chief Executive Officer, established the following facts: The Institute purchased the buildings and real property near the intersection of Preston Road and Churchill Way, in 1983 from the Churchill Way Presbyterian Church. The church continued to use the first floor of the building for church services and related church activities until mid–1985 through a "lease arrangement" in which they paid no rent. The Institute used the second floor to conduct biomedical research and education for the public benefit. The Institute filed for and received a tax exemption from ad valorem taxes for the years 1984 and 1986. The District assessed ad valorem taxes for 1985. The Institute protested the assessment and after a hearing before the Dallas County Appraisal Review Board, taxes were assessed. The Institute filed suit and both the District and the Institute filed motions for summary judgment. The trial court granted the Institute's summary judgment now before us.

■ Since both parties moved for summary judgment, all the evidence accompanying both motions should be considered in deciding whether or not to grant either party's motion. *Villarreal v. Laredo National Bank,* 677 S.W.2d 600, 605 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.). Under Rule 166a of the Texas Rules of Civil Procedure, summary judgment may be rendered only if the pleadings, depositions, admissions, and affidavits show (1) that there is no genuine issue as to any

---

1. The Honorable Bill J. Stephens, Justice, participated in this Court's opinion of November 18, 1988, but does not participate on rehearing as his term expired on December 31, 1988.

material fact and (2) that the moving party is entitled to judgment as a matter of law. *See McFadden v. American United Life Ins. Co.*, 658 S.W.2d 147, 148 (Tex.1983); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). As the plaintiff/movant, the Institute had the burden to show that it was entitled to prevail on *each* element of its cause of action. *See Texas International Airlines v. Wits Air Freight*, 608 S.W.2d 828, 829 (Tex.Civ.App. —Dallas 1980, no writ). The District, as defendant/movant, had the burden to establish as a matter of law that there was no genuine issue of fact as to one or more of the essential elements of the Institute's cause of action. *Ridgeline Inc. v. Crow-Gottesman–Shafer #1*, 734 S.W.2d 114, 116 (Tex.App.—Austin 1987, no writ). A fact issue is presented when conflicting inferences may be drawn from uncontroverted summary judgment proof. *Id.* at 116–17.

In its first, third and fourth points of error, the District claims the trial court erred in granting summary judgment in favor of the Institute because there was an issue of material fact as to whether the property satisfied the criteria of Section 11.23(h) of the Texas Tax Code [2] or Texas Constitution, art. VIII, § 2. In its second point of error, the District contends that its summary judgment should have been granted because there is no issue of material fact which established that the Institute should have been exempt from ad valorem taxes. We consider these related points together.

The District contends that because the Institute allowed the church to use the first floor of the building, it failed to meet the statutory criteria of "uses *exclusively* for biomedical research and education." The District introduced as its summary judgment proof the Institute's admissions that 50% of the property was leased by the church. *Cf. City of Austin v. University Christian Church*, —— S.W.2d ——, 33 S.Ct.J. 66 (November 26, 1988) (Church leased its parking lot to a commercial park-

ing company for secular use. The supreme court held that the determination of "primary use" of church property was a fact issue and not a question of law).

Section 11.23(h) specifically provides:

(h) Biomedical Research Corporation. A nonprofit corporation as defined in the Texas Non–Profit Corporation Act is entitled to an exemption from taxation of the property it owns and uses exclusively for biomedical research and education for the public benefit.

This statutory provision, however, must be considered together with its constitutional underpinnings in TEX. CONST. art. VIII, § 2. That provision provides in pertinent part:

Sec. 2. (a) All occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax; but the legislature may, by general laws, exempt from taxation public property used for public purposes; [churches, graveyards, solar energy devices, schools, state or national organizations such as the YMCA, endowment funds] ... and institutions of purely public charity ...

Thus, the Institute would necessarily have to qualify as a "purely public charity".

■ A review of relevant case law indicates that both the statutory and constitutional provisions have been considered together in determining if the taxpayer should receive a tax exemption. In *Daughters of St. Paul, Inc. v. City of San Antonio*, 387 S.W.2d 709 (Tex.Civ.App.—San Antonio 1965, writ ref'd n.r.e.), the court strictly construed the eligibility requirements for a bookstore/taxpayer that was combined with a religious organization. There the ground floor of the building was used as a bookstore and the second floor was used as living quarters for the nuns who ran the bookstore. The income from the sale of books was used to meet their expenses and any profits were sent to their order. The Court of Appeals denied the

---

**2.** All references to Code sections in this opinion refer to TEX.TAX CODE ANN. § 11.01 *et seq.*

(Vernon 1982 and Vernon Supp.1988).

tax exemption of the nonprofit corporation whose primary purpose was to sell Roman Catholic literature and religious articles because it was not a purely public charity.

Two nonprofit organizations shared the use of a building in *City of Houston v. River Oaks Garden Club*, 360 S.W.2d 855 (Tex.Civ.App.—Houston [1st Dist.] 1962, *aff'd*, 370 S.W.2d 851 (Tex.1963)) where a nonprofit corporation owned and maintained a building that was a historical landmark. The building was used for the education of the club's members and the public in the art of growing and arranging flowers. The Court of Appeals denied the tax exemption because the club had shared the property with other nonprofit organizations who had the same goals and interests. It held this shared activity rendered the club's use non-exclusive and destroyed its tax-exempt status. The Texas Supreme Court affirmed the appellate court's decision, but denied the tax exemption because the club was not a purely public charity.

This Court considered the issue of property "owned and used exclusively" in *Little Theatre of Dallas, Inc. v. City of Dallas*, 124 S.W.2d 863 (Tex.Civ.App.—Dallas 1939, no writ). The city assessed ad valorem taxes against property used as a school and society of fine arts. This Court applied a strict construction of both the statutory and constitutional provisions to deny the tax exemption because the school's primary purpose was to furnish entertainment to its members and patrons and only incidentally provided instruction in the theater arts.

The burden is on the taxpayer to show by facts that it comes clearly within the requirements of both the statutory and constitutional provisions. *Hilltop Village, Inc. v. Kerrville Indep. School Dist.*, 410 S.W.2d 824, 825 (Tex.Civ.App.—San Antonio 1966) *aff'd*, 426 S.W.2d 943 (Tex.1968). In the record before us, notwithstanding the Institute's petition, its summary judgment proof does not contain any proof of its corporate charter setting forth its charitable, public interest or its nonprofit status. Further, there is no proof of its purely public charitable activities. Thus, we conclude that the Institute, as plaintiff/movant, did not meet its burden of proof on each element of its cause of action that it was eligible for a tax exemption. Article VIII, section 2 of the Texas Constitution required proof to qualify as a purely public charity and section 11.23(h) required proof that the Institute is a nonprofit corporation pursuant to the Texas Non–Profit Corporation Act. These issues of material fact should have precluded the trial court from granting the Institute's summary judgment. The District's points of error numbers one, three and four are sustained.

The District, however, cannot prevail on its point of error number two because when the District moved for summary judgment on the cause of action alleged against it by the Institute, it assumed the burden of establishing by its summary judgment proof that, as a matter of law, there was no genuine issue of material fact as to one or more of the essential elements of the Institute's cause of action. The District's summary judgment proof consisted of the Institute's admissions that: (1) approximately fifty per cent of the usable space in the building was leased to the church on January 1, 1985, (2) the church regularly used the parking lot and property, and (3) the Institute's attorney appeared at the hearing conducted by the Dallas County Appraisal Review Board and represented the Institute's claims. The District did not meet its burden to establish as a matter of law that the Institute failed to qualify under the statute. *Exxon Co. v. Dalco Oil Co.*, 609 S.W.2d 281, 283 (Tex. Civ.App.—Corpus Christi 1980, writ dism'd). We conclude that the issue of "exclusive use" is a fact question similar to "primary use" and the District was not entitled to summary judgment as a matter of law. Therefore, point of error number two is overruled.

Next the District argues in its fifth and sixth points of error that there were issues of material fact existing concerning whether the Institute used the proper administrative procedures or met the criteria for exemption under § 11.20 of the Tax Code. The Institute conceded in its brief that it is not a religious organization and has never

attempted to claim a tax exemption under § 11.20 of the tax code. The judgment recites specifically that: "the subject property is entitled to an exemption in the 1985 tax year under section 11.23(h) of the Texas Property Tax Code." We overrule points of error five and six.

In its seventh point of error the District contends that its summary judgment should be granted since it established that the Institute was the property owner and could not obtain an exemption under section 11.20 of the Property Tax Code as a religious organization. The District offered only the Institute's admission that it was the property owner, but offered no summary judgment proof that established as a matter of law that the Institute would not qualify for a tax exemption. *Aldridge v. Young*, 689 S.W.2d 342, 344 (Tex.App.—Ft. Worth 1985, no writ). We overrule point of error number seven.

In its eighth point of error, the District contends that the trial court erred in not granting its motion for summary judgment because the Institute's claim that it was deprived of due process was frivolous and without merit. The Institute filed two affidavits on the issue of notice. One affidavit, from its attorney, stated that he never received written notice prior to the review board hearing, but he did receive telephone notice at about 4:45 p.m. the afternoon before the hearing. The Board conducted a hearing the following morning and the Institute's attorney appeared to protest the lack of notice. The Chief Executive Officer for the Institute stated in his affidavit that he was informed one hour in advance of the hearing and was unable to attend or prepare evidence.

The Texas Tax Code provides that "[t]he Board shall deliver the [written] notice not later than the fifteenth day before the date of the hearing." TEX.TAX CODE ANN. § 41.46 (Vernon 1984). From the record before us, it appears that a certified written notice was sent in the name of the Institute's attorney to its address, but the notice was returned to the Board.

■ This Court has stated that due process includes reasonable notice and the right to be heard, but there is no violation of due process if an administrative provision is made for a trial de novo in the district court on the issues passed upon by a board. *Keggereis v. Dallas Central Appraisal District*, 749 S.W.2d 516, 518 (Tex. App.—Dallas 1988, no writ). Such is the case before us. This Court has also held that even if a taxpayer did not receive actual notice, the validity of the tax appraisal is not affected. *Dallas County Appraisal District v. Lal*, 701 S.W.2d 44, 48 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). Due process simply affords a right to be heard before final assessment of taxes. *Id.* at 47. "[T]he requirement of due process is satisfied if the party assessed is given an opportunity to be heard before some assessment board at some stage of the proceedings ... before valuation is finally determined." *Id.*

■ We cannot conclude that the taxpayer was denied due process since its attorney appeared at the Board's hearing. Neither can we conclude that the attorney's appearance at the hearing would excuse the Board's failure to comply with the statutory requirements of notice or make the Institute's complaints frivolous. Point of error number eight is overruled.

Finally, the Institute, in its brief, asks that we impose damages for delay under rule 84 of the Texas Rules of Appellate Procedure against the District for filing a frivolous appeal brought for the purpose of delay. Because we reverse the summary judgment awarded to the Institute, we do not impose damages for delay. If there was no change in the underlying facts which qualified the Institute for its initial exemption, then this Court may impose damages for delay against the District, but we decline to do so in this case. *Dallas County Appraisal District v. The Leaves, Inc.*, 742 S.W.2d 424, 431 (Tex.App.—Dallas 1987, writ denied).

The judgment is reversed and remanded to the trial court.