NO.
12-05-00217-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

OLYMPIC WASTE SERVICES,

A DIVISION OF ALLIED
WASTE

INDUSTRIES, INC.,            §          APPEAL
FROM THE 294TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE CITY OF GRAND
SALINE, TEXAS,

APPELLEE                                                        §     VAN
ZANDT COUNTY, TEXAS

 

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



OPINION








            Olympic
Waste Services, a division of Allied Waste Industries, Inc., appeals from the
trial court’s orders granting the City of Grand Saline’s plea to the
jurisdiction and motion for summary judgment and the trial court’s order
denying Olympic’s motion for partial summary judgment.  In five issues, Olympic contends the City is
not immune from suit for breach of contract and the trial court made erroneous
rulings regarding its claim for violations of the Texas Open Meetings Act.[1]  We 
affirm in part and reverse and render in part.

                                                

Background








            Beginning
in February 1989, Olympic contracted with the City to provide solid waste
removal services.  The contract had an
initial five year term and renewed automatically for successive five year
terms.  However, either party could
terminate with notice at least sixty days prior to the end of the five year
term.  On February 10, 2004, the Grand
Saline city council awarded a “garbage contract” to Easley Sanitation, to be
effective April 1, 2004.  Olympic
received a letter from the City dated February 17, 2004, stating that its
contract with the City was “breached and terminated” on the grounds that
Olympic had failed to provide certificates of insurance and surety bonds.  The letter stated that Olympic would no
longer receive payment from the City.

            Olympic
filed suit to have the contract between Easley and the City declared void due
to violations of the Texas Open Meetings Act and the Local Government Code’s
competitive bidding requirements and to have the contract between Olympic and
the City declared to be in full force. 
Alternatively, Olympic asserted a cause of action against the City for
breach of contract.  Olympic also alleged
that Easley committed tortious interference with its contract with the City and
conspired with unknown others to interfere with Olympic’s contractual relations
with the City.

            Claiming
immunity to suit, the City filed a plea to the jurisdiction arguing that the
trial court did not have jurisdiction over Olympic’s causes of action based on
its contract with the City, that is, the request for declaratory judgment on
the contract termination and the breach of contract claim.  The City filed a motion for summary judgment
on the cause of action for violation of competitive bidding, relying on an
exception to the statute, and on the cause of action for violations of the Open
Meetings Act based on statutory authority to consult with the city attorney in
executive session.  Olympic filed a
partial motion for summary judgment addressing the alleged open meetings violations.  The trial court denied Olympic’s motion and
granted the City’s plea to the jurisdiction and its motion for summary
judgment.  Later, Olympic nonsuited
Easley, dropping its tortious interference and conspiracy claims.

 

Plea to the
Jurisdiction

            In
its first issue, Olympic contends the trial court erred in granting the City’s
plea to the jurisdiction.  Relying on the
Local Government Code, which states that a municipality may sue and be sued, it
argues that the City is subject to a legislative waiver of immunity for its
contract claim.

Standard of Review

            Immunity
from suit bars an action against the State unless the State expressly consents
to the suit.  Texas Dep’t of
Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  Since as early as 1847, the law in Texas has
been that absent the State’s consent to suit, a trial court lacks subject
matter jurisdiction.  Id.  The absence of subject matter jurisdiction
may be raised by a plea to the jurisdiction. 
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000).  Because subject matter jurisdiction
presents a question of law, we review the trial court’s decision to grant a
plea to the jurisdiction de novo.  Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).        In
reviewing a plea to the jurisdiction, we review the pleadings and any evidence
relevant to the jurisdictional issue.  Texas
Dep’t of Crim. Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001).  The party suing the governmental entity must
establish the State’s consent, which may be alleged either by reference to a
statute or to express legislative permission. 
Jones, 8 S.W.3d at 638. 
In considering the jurisdictional allegations contained in a petition,
they are to be construed liberally in the plaintiff’s favor.  Texas Ass’n of Bus. v. Texas Air
Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). 

Discussion

            The
Local Government Code provides that Type A general law municipalities “may sue
and be sued, implead and be impleaded, and answer and be answered in any matter
in any court or other place.”  Tex. Loc. Gov’t Code Ann. § 51.013
(Vernon 1999).  In 1970, the Texas
Supreme Court determined that the effect of the phrase “sue and be sued” in a
statute is a waiver of sovereign immunity giving general consent for the entity
to be sued in the courts of Texas in the same manner as other defendants.  Missouri Pac. R.R., Co. v. Brownsville
Navigation Dist., 453 S.W.2d 812, 813 (Tex. 1970).  However, the supreme court recently
reconsidered this exact issue in Tooke v. City of Mexia, 197
S.W.3d 325 (Tex. 2006).  After reviewing
legislative use of the phrases “sue and be sued,” “implead and be impleaded,”
and “answer and be answered”since 1858, the court overruled Missouri
Pacific.  Tooke,
197 S.W.3d at 342.  The court explained
that, because immunity is waived only by clear and unambiguous language, and
because the meaning of these phrases cannot be ascertained apart from the
context in which they occur, they do not, in and of themselves, waive immunity
from suit.  Id. at 342.

            Further,
and more to the point, the Legislature, in 2005, passed Sections 271.152 to
271.160 of the Local Government Code, which waive local governmental entities’
immunity from suit for breach of contract under certain circumstances and limit
damages.  Tex. Loc. Gov’t Code Ann. §§ 271.151-.160 (Vernon
2005).  Although the effective date of
the new statutes was September 1, 2005, the new law applies to claims arising
under a contract executed before the effective date if sovereign immunity has
not been waived with respect to the claim before the effective date.  Act of May 23, 2005, 79th Leg., R.S., ch.
604, §§ 2-3, 2005 Tex. Gen. Laws 1548, 1549. 
Just as the supreme court determined in Tooke that the
phrase “plead and be impleaded” in the context of Local Government Code Section
51.075 reveals nothing about an intent to waive immunity, we determine that the
phrase “sue and be sued” in Section 51.013 does not unambiguously waive
immunity.  See  City of Houston v. Boyer, Inc.,
197 S.W.3d 393, 393 (Tex. 2006) (Neither Local Government Code Section 51.075
nor city charter provision authorizing it to “sue and be sued, . . . contract
and be contracted with, implead and be impleaded in all courts and places and
in all matters whatever” contains a clear and unambiguous waiver of immunity
from suit.).  








  Olympic’s
claim for breach of contract arose under a contract executed before September
1, 2005, and the City was immune from suit on Olympic’s claim.  Therefore, Section 271.152 applies to waive
immunity only to the extent provided by that statute.  That is, the City’s immunity to suit is
waived for the purpose of adjudicating a claim for breach of contract.  See Tex.
Loc. Gov’t Code Ann. § 271.152. 
Damages are limited by Section 271.153 to include the balance due and
owed by the local governmental entity under the contract, the amount owed for
change orders in connection with the contract, and interest.  Tex.
Loc. Gov’t Code Ann. § 271.153(a). 
The statute specifically provides that damages awarded under this
subchapter may not include consequential damages.  Id. § 271.153(b)(1).  As did the plaintiffs in Tooke,
Olympic attempted to recover lost profits, which under the facts of this case,
are consequential damages excluded from recovery under the statute.  See id.; Tooke,
197 S.W.3d  at 346.  Consequently, the City’s immunity from suit
on Olympic’s breach of contract claim has not been waived.  See Tooke, 197 S.W.3d at
346.  

  Section
271.152 specifically applies to breach of contract claims.  Tex.
Loc. Gov’t Code Ann. § 271.152. 
It does not mention claims for declaratory relief.  Olympic also pleaded for declaratory judgment
on the validity of its contract with the City in light of the City’s attempted
termination.  The City claimed immunity
to suit on this claim.  As explained
above, the “sue and be sued” language relied on by Olympic does not constitute a
clear and unambiguous waiver of immunity by the City.  See Tooke, 197 S.W.3d at
342.  Therefore, the trial court lacked
jurisdiction to give declaratory relief regarding the termination issue.  Accordingly, the trial court did not err in
granting the City’s plea to the jurisdiction. 
We overrule Olympic’s first issue. 

 

Summary Judgment

  In
its remaining issues, Olympic complains of the trial court’s rulings on the
City’s motion for summary judgment and Olympic’s motion for partial summary
judgment regarding Olympic’s claims of Open Meetings Act violations.[2]  In its second issue, Olympic argues that the
City’s motion should not have been granted because fact issues exist with
respect to violations of the Open Meetings Act. 
In its third issue, Olympic argues that its motion should not have been
denied because the City violated the Open Meetings Act by taking action to
terminate its contract in executive session and by evaluating, considering, and
discussing the award of a contract to an independent contractor in executive
session.  In its fifth issue, Olympic
asserts that the trial court erred in denying its motion because the City
illegally used the statutory authorization for private consultation with the
governmental entity’s attorney found in Section 551.071 of the Act.  

Applicable Law

  To
obtain a summary judgment, the movant has the burden of showing that there is
no genuine issue of material fact and that he is entitled to judgment as a
matter of law.  Tex. R. Civ. P. 166a(c). 
In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the nonmovant will be taken as
true.  Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548-49 (Tex. 1985). 
Every reasonable inference must be indulged in favor of the nonmovant
and any doubts resolved in its favor.  Id.
at 549.  Summary judgment for a defendant
is proper when the summary judgment evidence negates an essential element of
the plaintiff’s cause of action as a matter of law or conclusively establishes
all elements of an affirmative defense as a matter of law.  See Black v. Victoria Lloyds Ins. Co.,
797 S.W.2d 20, 27 (Tex. 1990).  Once the
defendant produces sufficient evidence to establish the right to summary
judgment, the burden shifts to the nonmovant to produce controverting evidence
raising a fact issue as to the elements negated.  Torres v. Western Cas.
& Sur. Co., 457 S.W.2d 50, 52 (Tex. 1970); Owen Elec. Supply,
Inc. v. Brite Day Constr. Inc., 821 S.W.2d 283, 286 (Tex. App.–Houston
[1st Dist.] 1991, writ denied).

  A
plaintiff, as movant, must conclusively prove all essential elements of his
claim.  MMP, Ltd. v. Jones,
710 S.W.2d 59, 60 (Tex. 1986).  Once a
movant has established the right to a summary judgment on the issues presented,
the nonmovant has the burden of introducing evidence that raises issues of
fact.  Mott v. Montgomery County,
882 S.W.2d 635, 640 (Tex. App.–  Beaumont
1994, writ denied).  The nonmovant’s
evidence must be of probative force.  Id.

  When
both parties move for summary judgment, each party bears the burden of
establishing that it is entitled to judgment as a matter of law, and neither
party can prevail because of the other’s failure to discharge his burden.  Guynes v. Galveston County, 861
S.W.2d 861, 862 (Tex. 1993); State Farm Lloyds, Inc. v. Willliams,
791 S.W.2d 542, 549-50 (Tex. App.–Dallas 1990, writ denied).  When reviewing competing motions for summary
judgment, we consider all the evidence accompanying both motions.  Dallas County Appraisal Dist. v.
Institute for Aerobics Research, 766 S.W.2d 318, 319 (Tex. App.–Dallas
1989, writ denied) (op. on reh’g).  We
must indulge all reasonable inferences and resolve all doubts in favor of the
losing party.  University of Tex.
Health Sci. Ctr. v. Big Train Carpet of El Campo, Inc., 739 S.W.2d 792,
792 (Tex. 1987).  If the trial court grants
one motion and denies the other, the appellate court should determine all
questions presented and may render the judgment the trial court should have
rendered.  Jones v. Strauss,
745 S.W.2d 898, 900 (Tex. 1988) (orig. proceeding).   

  When
the order granting summary judgment does not specify the particular grounds the
trial court sustained, on appeal, the summary judgment opponent must defeat
each summary judgment ground argued by the movant.  Carr v. Brasher, 776 S.W.2d
567, 569 (Tex. 1989).  Otherwise, an
appellate court must uphold the summary judgment on any ground that is
supported by the evidence and pleadings. 
Id.

  The
Texas Open Meetings Act requires every regular, special, or called meeting of a
governmental body to be open to the public, with certain narrowly drawn
exceptions.  Tex. Gov’t Code Ann. §§ 551.002, 551.071-.088.  A governmental body may conduct a private
consultation with its attorney when the governmental body seeks the advice of
its attorney about pending or contemplated litigation or a settlement offer, or
on a matter in which the duty of the attorney to the governmental body under
the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas
clearly conflicts with Chapter 551 of the Government Code.  Tex.
Gov’t Code Ann. § 551.071. 
This provision incorporates the attorney-client privilege, an attorney’s
duty to preserve the confidences of a client. 
Op. Tex. Att’y Gen. No. JC-0233 (2000). 
A governmental entity may consult with its attorney in executive session
to receive advice on legal issues raised by a proposed contract.  Id.  However, the entity may not discuss the
merits of a proposed contract, financial considerations, or other nonlegal
matters related to the contract simply because its attorney is present.  Id.  Neither can the entity engage in a general
discussion of policy unrelated to legal matters.  Op. Tex. Att’y Gen. No. JM-100 (1983).

Motions and Evidence

  In
response to Olympic’s allegation that the City violated the Open Meetings Act
when it met in executive session during the February 10, 2004 meeting, the City
asserted that the exception allowing consultation with legal counsel applied
because the council met with the city attorney regarding its contract with
Olympic.  Relying on the affidavit of
Grand Saline Mayor Terry Tolar, the City argued that the council, in executive
session, discussed the ramifications of terminating the contract, the
contractual options the City would have following termination, and the
financial ramifications of continuing to do business with Olympic under the
existing contract.  Mayor Tolar stated in
his affidavit:

 

 The City Council did convene in executive
session and consulted with City Attorney, Joel Elliott, regarding the existing
contract with Plaintiff, the consequences of terminating the contract, legal
ramifications of terminating the contract, and contractual options in the event
the contract was terminated with Plaintiff. 
These were all legal matters that required the expertise and counsel
from our City Attorney.  As part of this
discussion regarding the contractual issues previously mentioned, entering into
a contract with Easley Sanitation was discussed as one of our options in the
event the contract with Plaintiff was terminated.

 

  Olympic
filed a single document containing both a response to the City’s motion and its
own motion for partial summary judgment on the alleged violations of the Open
Meetings Act.  In response to the City’s
motion and in support of its motion, Olympic filed the contract at issue, a
letter sent by the City dated February 17, 2004, the agenda and minutes for the
February 10, 2004 council meeting, and excerpts from the depositions of Mayor
Tolar and Gene Putman, Grand Saline’s Public Works Director.

  Olympic
received a letter from Virginia Shafer, Grand Saline’s City Administrator,
dated February 17, 2004, informing Olympic that the City “hereby deems the
contract, whereby you have been collecting the city’s solid waste, breached and
terminated.”  The letter went on to
explain that the City had not received all required certificates of insurance
or the surety bond and its accompanying certificate.

  The
agenda for the council meeting reflects that “garbage bids” were to be
discussed at the workshop immediately prior to the public hearing.  “Garbage bids” were also listed under item
six, which listed topics to be discussed, accepted/rejected, or tabled for
further study.  Under the title “EXECUTIVE
SESSION” is the explanation that the City reserves the right to adjourn into
closed session to discuss any of the matters listed in the agenda as authorized
by Sections 551.071, 551.072, 551.073, 551.074, 551.076, or 551.087 of the
Texas Government Code.

  The
topic of “garbage bids” is not listed among the items named in the minutes as
having been discussed during the workshop on February 10.  According to the minutes, early in the
regular meeting, the council decided that “GARBAGE BIDS WILL BE DISCUSSED IN
EXECUTIVE SESSION.”  The minutes further
reflect that “AT 9:55 PM WENT INTO EXECUTIVE SESSION PER TX. GOV. CODE SEC.
551.071, FOR CONSULTATION WITH ATTORNEY ON GARBAGE BIDS.”  The next entry states: “COUNCIL RECONVENED
INTO REGULAR SESSION AT 10:12 PM.  LOGAN
COSTILOE MADE A MOTION TO AWARD GARBAGE CONTRACT TO EASLEY SANITATION TO BE
EFFECTIVE 4-1-04.  SECOND BY JERRY
BOLIN.  ALL VOTED YES.  MOTION CARRIED.”

  In
his deposition testimony, Mayor Tolar said the council considered bids for
garbage contracts at the February 10 meeting. 
He said that, at that time, there was an existing garbage contract
between Olympic and the City and no one had threatened the City with litigation
regarding garbage bids.  Tolar testified
that there were no severe service problems at that time and the City had not
given Olympic notice of any severe service problem as of that date.  He agreed with Olympic’s counsel that the
reason the “garbage issue” came up is because the city council was trying to
save money.  Predominantly, it was an
economic issue, rather than a public safety or welfare issue.  Tolar testified that before February 17,
Olympic had a valid solid waste contract with the City and there were no major
service problems with the contract.  He
explained that termination of the Olympic contract was done without the city council’s
authorization.  He said it was not posted
on an agenda or in any of the meetings. 
He agreed that proper termination of the contract required council
action.  He also agreed that it would be
difficult for the administrator who signed the letter to know whether the
insurance certificates had been provided to the City because she signed the
letter, which was drafted by the city attorney, on her second day on the
job.  Tolar also stated that the City did
not send notice by certified letter sixty days ahead of the contract
termination.

  Public
Works Director Gene Putman testified that, on February 10, 2004, he had no
reason to believe there would be a court case between Olympic and the
City.  He agreed that the reason the City
wanted a new garbage contract was to save money.  He also agreed that, on February 10, 2004,
the City did not need a new garbage contract in order to preserve or protect
the public health or safety of the citizens of Grand Saline.

Legal Counsel Exception

  Tolar
explained that the city council, in executive session, consulted with the city
attorney about the “consequences” and “legal ramifications” of terminating
Olympic’s contract.  This discussion
falls in the category of legal advice and is appropriate for executive
session.  See Op. Tex. Att’y Gen.
No. JC-0233.  However, the discussion of “resulting
contractual options” including entering into a contract with Easley Sanitation
is a topic not to be discussed in executive session.  See id.  The minutes seem to indicate that,
immediately upon reconvening into regular session, the city council voted,
without discussion, to award a garbage contract to Easley Sanitation.  Indulging reasonable inferences in favor of
Olympic, this evidence supports a finding that the city council discussed the
relative merits of awarding the contract to Olympic or Easley while in
executive session in violation of the Open Meetings Act.  See id.; University
of Tex. Health Sci. Ctr., 739 S.W.2d at 792.  The evidence simultaneously shows that the
City did not conclusively establish the affirmative defense provided by the
statutory exception allowing the governmental entity to avoid an open meeting
by consulting with its attorney and the City actually violated the Open
Meetings Act.  See Black,
797 S.W.2d at 27; Jones, 710 S.W.2d at 60.  Therefore, the trial court erred in granting
the City’s motion for summary judgment and in denying Olympic’s partial motion
for summary judgment.  We sustain Olympic’s
second issue.  To the extent Olympic
complains of the executive session discussion of the merits of the proposed
Easley contract, and because that discussion is not allowed by the statutory
exception for legal advice, we sustain Olympic’s third and fifth issues.  We need not reach Olympic’s fourth
issue.  See Tex. R. App. P. 47.1.

Easley Contract

  In
its petition, Olympic asked the trial court to void the contract awarded to
Easley on the basis of Open Meetings Act violations.  In its brief, Olympic mentioned the existence
of alleged fact questions precluding the City’s summary judgment, stating that “[t]ermination
of Appellant’s contract in closed Executive Session would clearly violate the
Act and void the Council action awarding the Easley contract.”  Other than this statement, Olympic provided
no argument in support of its theory that it is entitled to have the contract
voided.

  Section
551.141 provides that an action taken by a governmental body in violation of
the Open Meetings Act is voidable.  Tex. Gov’t Code Ann. § 551.141.  Here, while the discussion that took place in
executive session was in violation of the Act, voiding the Easley contract does
not follow.  The vote awarding the
contract to Easley took place in open session, after the violation
occurred.  The vote was not taken in violation
of the Act.  Therefore, Olympic is not
entitled to the remedy of voiding the Easley contract.  See United Indep. Sch. Dist. v.
Gonzalez, 911 S.W.2d 118, 128 (Tex. App. –San Antonio 1995, writ
denied) (op. on reh’g).

Conclusion

  Due
to application of the new statutory scheme for adjudication of claims arising
under contracts with local governmental entities, we determine that the City’s
immunity from suit was not waived as to Olympic’s breach of contract
claim.  Neither was the City’s immunity
waived as to Olympic’s claim for a declaration regarding the continued validity
of the contract.  We affirm
the trial court’s order granting the City’s plea to the jurisdiction.  Because the evidence shows the City violated
the Open Meetings Act, we reverse the trial court rulings on the
City’s motion for summary judgment and Olympic’s motion for partial summary
judgment and render judgment for Olympic on its Open Meetings Act
claim.

                                                                                         JAMES T. WORTHEN    

                                                                                                     Chief Justice

Opinion delivered September 29, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

                                                                                    

(PUBLISH)












 
 
 
 
 
 
 


 

 

 



[1] 

 

                        

COURT OF APPEALS

TWELFTH COURT OF APPEALS
DISTRICT OF TEXAS

JUDGMENT

 

SEPTEMBER 29, 2006

 

NO. 12-05-00217-CV

  

OLYMPIC WASTE SERVICES, A
DIVISION

OF ALLIED WASTE INDUSTRIES,
INC.,

Appellant

V.

THE CITY OF GRAND SALINE,
TEXAS, 

Appellee

                        




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



  Appeal from the 294th Judicial District Court

  of Van Zandt County, Texas. (Tr.Ct.No.
05-00021)

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



                        THIS
CAUSE came to be heard on the appellate record and briefs filed herein, and the
same being inspected, it is the opinion of this Court that there was error in
the judgment as entered by the trial court, and that the same should
be Affirmed in part, and Reversed and Rendered in part.

                        It is therefore ORDERED,
ADJUDGED and DECREED that that portion of the trial court's ruling on the City
of Grand Saline’s Motion for Summary Judgment and Olympic Waste Services, A
Division of Allied Waste Industries, Inc.’s Motion for Partial Summary Judgment
is Reversed and Judgment is Rendered for Olympic Waste Services, A Division of
Allied Waste Industries, Inc., on its Open Meetings Act Claim.  The trial court’s order granting the City of Grand Saline’s Plea to the Jurisdiction is Affirmed; all costs of court are
taxed against the party incurring same; and that this decision be certified to
the court below for observance.

                        James T. Worthen, Chief
Justice.

                        Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 








THE STATE OF TEXAS

M A N D A
T E

*********************************************

TO THE 294TH JUDICIAL DISTRICT COURT
OF VAN ZANDT COUNTY, GREETINGS: 

 

  Before
our Court of Appeals for the 12th Court of Appeals District of Texas, on the 29
day of September, 2006, the cause upon appeal to revise or reverse your
judgment between

 

OLYMPIC
WASTE SERVICES, A DIVISION OF

ALLIED
WASTE INDUSTRIES, INC., Appellant

 

NO.
12-05-00217-CV; Trial Court No. 05-00021

 

Opinion by
James T. Worthen, Chief Justice. 

 

THE CITY OF GRAND SALINE, TEXAS, Appellee

 

was
determined; and therein our said Court made its order in these words:

 

  “THIS CAUSE came
to be heard on the appellate record and briefs filed herein, and the same being
inspected, it is the opinion of this Court that there was error in the judgment
as entered by the trial court, and that the same should be Affirmed in part, and Reversed and Rendered in part.

 

  It is therefore ORDERED, ADJUDGED and DECREED
that that portion of the trial court's ruling on the City of Grand Saline’s
Motion for Summary Judgment and Olympic Waste Services, A Division of Allied
Waste Industries, Inc.’s Motion for Partial Summary Judgment is Reversed and
Judgment is Rendered for Olympic Waste Services, A Division of Allied Waste
Industries, Inc., on its Open Meetings Act Claim.  The trial court’s order granting the City of Grand Saline’s Plea to the
Jurisdiction is Affirmed;
all costs of court are taxed against the party incurring same; and that this
decision be certified to the court below for observance.”

 

  WHEREAS, WE COMMAND YOU to observe the
order of our said Court of Appeals for the Twelfth Court of Appeals District of
Texas in this behalf, and in all things have it duly recognized, obeyed, and
executed.

 

  WITNESS, THE HONORABLE JAMES T. WORTHEN,
Chief Justice of our Court of Appeals for the Twelfth Court of Appeals
District, with the Seal thereof affixed, at the City of Tyler, this the ______
day of __________________, 200____.








 

                                    CATHY
S. LUSK, CLERK

 

 

                                    By:_______________________________

                                         Deputy Clerk











[1] See Tex.
Gov’t Code Ann. §§ 551.001-.146 (Vernon
2004 & Supp. 2006).





[2] Although the trial court’s ruling also granted
the City’s request for summary judgment on the claim for competitive bidding
violations, Olympic has not appealed from that ruling.















 [1]J.9     AFFIRMED in part, REVERSED & RENDERED
in part