**ROCKDALE INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**THORNDALE INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 14173.

Court of Appeals of Texas, Austin.

Oct. 24, 1984.

Rehearing Denied Dec. 12, 1984.

Russell R. Graham, Calame, Linebarger & Graham, Austin, for appellant.

William C. Bednar, Jr., Eskew, Muir & Bednar, Austin, for appellee.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

PHILLIPS, Chief Justice.

Appellant, Rockdale I.S.D. appeals from the judgment of the trial court which, following a nonjury trial, denied a plea to the jurisdiction and decreed the taxable situs of certain mining equipment to be within the boundaries of the Thorndale I.S.D., appellee, for the 1982 and 1983 tax years.

We will reverse that part of the judgment relating to the taxes for 1983 and dismiss that part of the cause; we will otherwise affirm the judgment.

Aluminum Company of America ("Alcoa") owns and operates an aluminum smelting plant located within the Rockdale I.S.D. A lignite reserve, located within the boundaries of the two school districts, Thorndale I.S.D. and Rockdale I.S.D., is mined by Alcoa through its agent, Industrial Generating Company ("IGC"). This area, termed "Pit F", is stripped with various mining equipment, including a dragline 80 and a P. and H. 1900 shovel loader.

The dragline in question weighs in the vicinity of 13 million pounds and travels from 150 to 500 feet per day. The shovel which is associated with the dragline has a 16 cubic yard dipper that is used to load lignite once it is uncovered by the dragline. This dragline and shovel travel back and forth along the axis of the pit, mining strips approximately 120 feet wide. Due to the diagonal position of the districts' boundaries in "Pit F", the dragline and shovel spent approximately 290 days in Thorndale I.S.D. and 75 days in Rockdale I.S.D. during the year of 1982. In 1983, the dragline and shovel were anticipated to be used approximately 211 days in Thorndale I.S.D. and 154 days in Rockdale I.S.D.

The Milam County Appraisal Review Board determined the situs of the dragline and shovel to be in Rockdale I.S.D. for the tax years of 1982 and 1983. Concerning the 1983 taxable situs, the Thorndale I.S.D. received notice of the Board's decision on August 8, 1983. Thorndale filed its notice of appeal on September 1, 1983. Thereafter, Thorndale filed suit, challenging the decisions for 1982 and 1983, in two separate causes of action, cause no. 19,304 and cause no. 19,632, respectively, naming Milam County Appraisal District, Milam County Appraisal Review Board, Gus Backhaus, Gene Lumpkin, and Joe Bullock as defendants.

Rockdale I.S.D. filed a petition for intervention in both causes of action. Subsequently, defendant-intervenor, Rockdale I.S.D., filed a motion for consolidation in both cases. The trial court granted the motion on October 3, 1983, at which time trial before the court was held. Rockdale I.S.D.'s plea to jurisdiction for the tax year 1983 cause of action was taken under advisement at the time of trial.

The trial court held that it had jurisdiction to decide the taxable situs of dragline 80 and its associated shovel loader for the tax years of 1982 and 1983, and that such situs was Thorndale I.S.D. No findings of fact and conclusions of law were filed.

Appellant complains by two points of error that the trial court erred in overruling its plea to jurisdiction in the 1983 case in that there was no evidence that the appellee filed a timely notice of appeal as required under Tex.Tax.Code Ann. § 42.06 (1982).

The record reflects the tax assessor-business manager of the Thorndale I.S.D., Ed Wrinkle, sent a notice of appeal on August 17, 1983 after receiving notice on August 8, 1983, of the Milam County Appraisal Review Board's decision affirming the taxable situs of the equipment in the Rockdale I.S.D. The notice dated August 17, 1983, was never received by the Milam County Appraisal District. Wrinkle, upon discovering the notice of appeal had not been received, subsequently drafted another notice of appeal and backdated it to August 17, 1983. This correspondence was received by the Milam County Appraisal District on September 1, 1983. At trial, a copy of the original notice was produced.

Appellant's contention regarding its plea to jurisdiction rests uon an interpretation of Section 42.06 which provides the following:

> (a) To exercise his right of appeal, a party must file written notice of appeal within 15 days after the date he receives the notice required by Section 41.47 or, in the case of a taxing unit, by Section 41.07 of this code that the order appealed has been issued.

> (b) The notice must be filed with the body that issued the order appealed.

According to appellant, the appellee was required to have his written notice of appeal filed within fifteen days after receiving notice on August 8, 1983, of the Milam County Appraisal Review Board's decision. Consequently, appellant contends the notice should have been received on or before August 23, 1983, in order for the notice to be timely. We agree.

■ The record is devoid of any receipt of appellee's notice before September 1, 1983, nine days after the required deadline. These requirements must be strictly adhered to and failure to do so results in the non-complying party's losing the right to challenge the decision.

Appellee asserts Section 42.06 must be construed in conjunction with Tex.Tax.Code Ann. § 1.08 (1982) which provides that a property owner who mails a required document before a specified date has acted timely. According to appellee, Section 1.08 permits the mailing of a notice of appeal within fifteen days after receipt of notice required by Section 41.07 of the code to suffice as timely filing of a notice of appeal under Section 42.06.

■ However, Section 1.08, in unambiguous language, applies to a property owner—not a taxing unit such as the appellee, Thorndale I.S.D. Therefore, Section 1.08 is inapplicable in this case. Appellee's failure to file its notice of appeal within fifteen days after the date of receipt of notice given by Milam County Appraisal District resulted in a non-compliance with Section 42.06 and a denial of the appellee's cause of action with respect to the Board's decision rendered in 1983. Consequently, the trial court did not have jurisdiction over the 1983 case.

■ Due to the fact that the 1983 case was consolidated with the 1982 case, we must now address the points of error concerning the dragline and shovel loader with respect to the year 1982. Appellant contends the trial court erred as a matter of law in holding the equipment's taxable situs was within the Thorndale I.S.D. for the 1982 tax year. The crux of appellant's contention rests upon an interpretation of Tex.Tax.Code Ann. § 21.02 (1982). Appellant asserts this section is a codification of the doctrine of *mobilia sequientur personam* which, in essence, provides that personal property is taxable at the domicile of its owner. However, an exception to this rule lies where personal property is tangible and has acquired a taxable situs of its own in a location other than the owner's domicile. Such property is then taxable where it has acquired an actual situs. *Davis v. City of Austin*, 632 S.W.2d 331 (Tex.1982). Section 21.02 provides that

Except as provided by Sections 21.04 and 21.05 of this code, tangible personal property is taxable by a taxing unit if:

(1) it is located in the unit on January 1 for more than a temporary period;

(2) it normally is located in the unit, even though it is outside the unit on January 1, if it is outside the unit only temporarily;

(3) it normally is returned to the unit between uses elsewhere and is not located in any one place for more than a temporary period; or

(4) the owner resides (for property not used for business purposes) or maintains his principal place of business in this state (for property used for business purposes) in the unit and the property is taxable in this state but does not have a taxable situs pursuant to Subdivisions (1) through (3) of this section.

Accordingly, appellant complains the trial court wrongfully concluded that the property in question remained in the Thorndale I.S.D. for such a period as to acquire a permanent situs in that district. We disagree.

■ The uncontroverted facts show that the dragline and shovel loader were in Thorndale I.S.D. on January 1, 1982; that the dragline and shovel loader spent approximately 290 days in Thorndale I.S.D. and 75 days in Rockdale I.S.D.; and that the equipment was repaired on site. The Courts have consistently held that the word "permanent", in contrast to the word "temporary", means a "more or less permanent location for the time being." *Davis, supra; A & M Consolidated Independent School District v. Fickey,* 542 S.W.2d 735 (Tex.Civ.App.1976, writ ref'd n.r.e.); *Nacogdoches Independent School District v. McKinney,* 504 S.W.2d 832 (Tex.1974); and *City of Dallas v. Overton,* 363 S.W.2d 821 (Tex.Civ.App.1962, writ ref'd n.r.e.). Additionally, the question of permanent versus temporary in a tax situs context is a fact question and must be determined on a case by case basis. *Lawson v. City of Groves,* 487 S.W.2d 439 (Tex.Civ.App.1972, no writ).

■ From the preceding facts, we conclude the trial court had sufficient evidence to hold the property was in Thorndale I.S.D. for more than a temporary period and had acquired a taxable situs of its own in 1982.

■ Lastly, the appellant complains by his fifth point of error that appellee failed to plead or prove an adequate description and an appraised value of the property. However, the record reveals a description of the property was in fact provided in the stipulations agreed to by the parties. Moreover, the value of the equipment was not in controversy and therefore, evidence of its value was not required. Appellant's last contention is also without merit.

Accordingly, that part of the judgment relating to the 1983 taxes referable to dragline 80 and its associated shovel loader is reversed, and that part of the cause (designated as cause no. 19,632 below, prior to the consolidation of suits) is dismissed for lack of jurisdiction. In all other respects, the judgment of the trial court is affirmed.

POWERS, J., not participating.