DALLAS COUNTY APPRAISAL DISTRICT, Appellant,

v.

Joseph J. LAL, Appellee.

No. 05–85–00232–CV.

Court of Appeals of Texas, Dallas.

Nov. 13, 1985.

Rehearing Denied Dec. 13, 1985.

Peter G. Smith, Roy L. Armstrong, Sallinger, Nichols, Jackson, Kirk & Dillard, Dallas, for appellant.

Joe Putnam, Irving, for appellee.

Before AKIN, SPARLING and ZIMMERMAN, JJ.

AKIN, Justice.

The Dallas County Appraisal District appeals from a judgment for appellee, Joseph J. Lal, on his claim of grossly excessive valuation in the assessment of *ad valorem* taxes on his property. Lal sued the Appraisal District as well as certain taxing entities for grossly excessive valuation under section 1 of Article VIII of the Texas Constitution. The Appraisal District and the taxing authorities moved for summary judgment to dismiss the action for want of jurisdiction because Lal had not exhausted his administrative remedies under the Property Tax Code.[1] Although the judge declined to grant summary judgment dismissing the cause, he did grant a partial summary judgment finding that Lal had failed to comply with the statutory administrative provisions contained in chapters 41 and 42 of the Property Tax Code. Then, the trial judge heard testimony on Lal's action for grossly excessive valuation. At the conclusion of the evidence, the trial court found that the District's appraisal of Lal's property at $1,596,556 was grossly excessive. The judge, then, fixed the appraised fair market value at $883,202 and set aside all taxes, penalties, and interest assessed against Lal's property in excess of $883,202. On appeal, the Appraisal District reasserts that the trial court was without subject matter jurisdiction to hear Lal's claim, since Lal failed to comply with the procedures of chapters 41 and 42 of the Property Tax Code. We agree and hold that the judgment is void. Accordingly, we dismiss Lal's cause of action.

In 1979, the Legislature enacted the Property Tax Code, with some provisions effective January 1, 1980, and others effective January 1, 1982. The new Property Tax Code created appraisal districts for each county in Texas, investing the districts with authority to appraise all property in their respective counties for *ad valorem* taxation. The Property Tax Code also created Appraisal Review Boards, authorized to hear and to determine protests by property owners and by other taxing authorities regarding decisions of the appraisal districts. Section 41.41. These protests must be raised by the filing of written

1. All references herein are to the Property Tax Code, TEX.TAX CODE ANN. (Vernon 1982).

notice with the appraisal review board. A decision of the county appraisal review board is then subject to review by trial de novo in state district court.

It is undisputed that Lal failed to comply with the statutory administrative procedures of chapters 41 and 42. Specifically, Lal did not timely file written notice with the Appraisal District or the Dallas County Appraisal Review Board protesting the 1982 assessment of his property. Nor did Lal appear in person or by affidavit before the Appraisal Review Board to protest the appraisal valuation. Thus, no order from the Appraisal District or from the Dallas County Appraisal Review Board exists from which an appeal to the district court could be had.

■ We hold that the failure to comply with the administrative review procedures of the Property Tax Code constituted a failure to exhaust administrative remedies, and precluded Lal's common law cause of action for grossly excessive valuation. The procedures prescribed by the Property Tax Code are the exclusive means by which a property owner may challenge the valuation of his property by an appraisal district. Section 42.09 of the Property Tax Code states:

> The procedures prescribed by this title for the adjudication of the grounds of protest authorized by this title *are exclusive* and a property owner may not raise any of those grounds:
>
> (1) in defense to a suit to enforce collection of delinquent taxes; or
>
> (2) as a basis of claim for relief in a suit by the property owner to arrest or prevent the tax collection process or to obtain a refund of taxes paid [emphasis added].

Section 42.09.

[3] The doctrine of exhaustion of remedies directs that where the legislature has given a person administrative remedies for action by an administrative agency which aggrieves him that person must first exhaust those remedies before he can raise his claims in court. *Butler v. State Board of Education*, 581 S.W.2d 751, 755 (Tex.

Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). In the case at bar, the trial court found that Lal had failed to exhaust his administrative remedies but erroneously thought that Lal had a common law cause of action under the Texas Constitution, even though the administrative prerequisites were not satisfied.

Texas courts have repeatedly held that failure to follow Property Tax Code procedures will result in a party losing his right to challenge the administrative decision in district court. In *Corchine Partnership v. Dallas County Appraisal District*, 695 S.W.2d 734, 735 (Tex.App.—Dallas 1985, no writ), we held that the trial court lacked jurisdiction to hear an appeal from a property tax appraisal where the property owners failed to give notice of appeal to the County Appraisal Review Board. Similarly, in *Brooks v. Bachus*, 661 S.W.2d 288, 290 (Tex.App.—Eastland 1983, writ ref'd n.r.e.), where the property owner did not comply with the Property Tax Code procedures and did not present his claims before an appraisal review board, the Eastland court held that he could not raise them for the first time in court. Finally, in *Rockdale Independent School District v. Thorndale Independent School District*, 681 S.W.2d 225, 227 (Tex.App.—Austin 1984, writ ref'd n.r.e.), where the property owner failed to timely file written notice of appeal with the appraisal review board, the Austin court held that the trial court never acquired jurisdiction to hear plaintiff's claims. The Austin court stated: "These requirements must be strictly adhered to and failure to do so results in the non-complying party's losing the right to challenge the [administrative] decision." *Id.*

Nevertheless, Lal asserts that the trial court had jurisdiction to entertain his constitutional claim that the 1982 appraisal was grossly excessive. He cites Article VIII, sections 1 and 20 of the Texas Constitution, which provide that taxation shall be equal and uniform and that no property of any kind shall be assessed for *ad valorem* taxes at a greater value than its fair cash market value. Lal further contends that

the Property Tax Code does not preclude a common law cause of action for grossly excessive valuation, citing as authority, *City of Waco v. Conlee Seed Co.*, 449 S.W.2d 29 (Tex.1968). In *Conlee Seed,* the supreme court allowed the taxpayer's constitutional claims for grossly excessive valuation although the taxpayer did not first seek review before the board of equalization.

We cannot agree with Lal's contention. *Conlee Seed* was decided prior to the Legislature's enactment of the new Property Tax Code, which established a uniform system of administrative review. Prior to the enactment of the Code, the statutory scheme for property tax assessments often did not provide taxpayers with adequate remedies at law. Thus, the courts developed equitable remedies in order to provide taxpayers with due process protections. *Herndon Marine Products, Inc. v. San Patricio County Appraisal Review Board,* 695 S.W.2d 29, 35 (Tex.App.—Corpus Christi 1985, no writ). Consequently, the Texas courts held that property tax assessments were subject to collateral attack if the assessments were grossly excessive or if the valuations had not been ascertained as provided by law, as in *Conlee Seed.*

The new Property Tax Code replaced the boards of equalization with the appraisal review boards and established a uniform statutory review mechanism, providing the due process protections absent under prior statutory procedures. The purpose of the administrative procedures in the new Property Tax Code was to provide aggrieved taxpayers relief without the necessity of resorting to the courts. Most likely, such matters could be resolved by the appraisal boards, thus reducing overburdened judicial dockets. Consequently, permitting Lal to sue without first exhausting his administrative remedies would subvert the purposes of the new Property Tax Code and the intent of the Legislature without affording any greater due process protections.

■ Additionally, Lal contends that his due process rights have been violated by the requirement of exhaustion of remedies. We cannot agree. Due process simply affords a right to be heard before final assessment; it does not detail the review mechanism. The court in *Texas Pipeline Co. v. Anderson,* 100 S.W.2d 754, 761–762 (Tex.Civ.App.—Austin 1937 writ ref'd), *cert. denied,* 302 U.S. 724, 58 S.Ct. 45, 82 L.Ed. 559 (1937) stated:

> The courts are unanimous in holding that the constitutional guarantees of equal and uniform taxation and of equal protection and due process do not purport or undertake to deal with the method or manner of accomplishing these constitutional mandates; but they are fully satisfied when equality and uniformity, the dominant provision of the constitution, has actually been attained.

> \*　　\*　　\*　　\*　　\*　　\*

> The rule is settled in matters of taxation, the requirement of due process is satisfied if the party assessed is given an opportunity to be heard before some assessment board at some stage of the proceedings; it being sufficient if he is granted the right to be heard on the assessment before valuation is finally determined.

Although we need not consider Lal's crosspoint in view of our holding, we do so to clarify the application of due process claims to the notice provisions of the Property Tax Code. In his crosspoint, Lal contends that he received no actual notice of the appraised value of his property, as set by the Appraisal District, and, thus, he could not seek timely review by the Appraisal Review Board. He argues that this lack of actual notice affords him the right to trial de novo on his common law claim. We cannot agree.

■ First, in the summary-judgment hearing, the Appraisal District submitted the affidavit of the appraisal coordinator which established the following:

(1) notice of the appraised value of all property in the county was printed by carbon within an envelope addressed

to each taxpayer listed on the 1982 tax roll;

(2) the 1982 tax roll shows Lal's address as 1335 North Beltline Rd., Irving, Texas;

(3) the envelopes were pre-printed "Presorted First Class Mail, U.S. Postage Paid";

(4) the Appraisal District has money in escrow with the U.S. Post Office to pay for postage;

(5) the employees of Appraisal District collated and separated individual notices;

(6) such notices were then placed into a U.S. Post Office delivery box at the Appraisal District office;

(7) each postal delivery box was then taken to the main U.S. Post Office in Dallas for mailing; and

(8) the notice sent to Lal was not returned to the Appraisal District.

These procedures complied with section 1.07 of the Property Tax Code. Consequently, it is presumed that notice was mailed to Lal's address on the tax roll and that Lal or his agent received the assessed valuation.

Lal states in his own affidavit that he did not receive actual notice of the assessed valuation. However, Lal does state that the address on the 1982 tax roll, 1335 North Beltline Rd., although not his personal address or the address of the property, is the business address of Lal's agents, C.L. Chambers and Associates, who manage the assessed property on Lal's behalf. Presumably, the notice was received by the agents because it was not returned to the Appraisal District, and the knowledge of an agent relating to information, acts and events within the scope of the agency is imputed to the principal. *Great American Mortgage Investors v. Louisville Title Insurance Co.*, 597 S.W.2d 425, 432 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.).

■ Apart from the question of whether Lal received notice, section 25.19(f) of the Property Tax Code provides that notice is not a condition pertaining to the validity of the appraisal or of the tax. In this respect, section 25.19(f) of the Property Tax Code provides:

failure to receive notice required by this section does not affect the validity of the appraisal of the property, the imposition of any tax on the basis of the appraisal, the existence of any tax lien, or any proceeding instituted to collect the tax.

Section 25.19(f).

Thus, even if Lal did not receive actual notice, the validity of the appraisal is not affected.

Reversed and dismissed.