FIRST UNION REAL ESTATE
INVESTMENTS, Appellant,

v.

TAYLOR COUNTY APPRAISAL
DISTRICT and Appraisal
Review Board, Appellees.

No. 11–87–297–CV.

Court of Appeals of Texas,
Eastland.

Sept. 22, 1988.

Rehearing Denied Oct. 27, 1988.

Peter G. Smith, Sallinger, Nichols, Jackson, Kirk & Dillard, Dallas, for appellant.

Shelburne J. Veselka, Roy L. Armstrong, McCreary, Veselka, Beck, & Allen, P.C., Austin, for appellees.

## OPINION

McCLOUD, Chief Justice.

First Union Real Estate Investments appealed an "order determining protest" of taxes issued by the Taylor County Appraisal Review Board. Finding First Union's petition untimely filed, the district court dismissed the case for want of jurisdiction. First Union appeals the order of dismissal. We reverse and remand.

On June 25, 1986, First Union filed a "notice of protest" with the Board claiming that the assessed value of its property was excessive. The notice included the following name and address of the property owner:

First Union Real Estate Equity & Mortgage Investments
55 Public Square, Suite 1900
Cleveland, Ohio 44113

On July 15, 1986, First Union sent the Board a "fiduciary letter of authorization" which contained the property owner's name and mailing address and authorized Tenenbaum–Hill Associates, Inc. to act as its agent in assessment matters. The letter described Tenenbaum–Hill's authority as follows:

This agent is delegated full authority to handle all matters relative to assess-

ments with your office. You are to divulge to him any and all information which we have submitted to you.

The letter did not expressly authorize the Board to send any notices to the agent.

On August 29, 1986, the Board issued an order determining protest which ordered that the "[p]rotest be denied and the applicable appraisal records not be changed." The Board sent notice of its order by certified mail, return receipt requested, to Tenenbaum–Hill Assoc., 1111 W. Mockingbird Suite 170, Dallas, TX 75247. The return receipt reflects delivery on September 5, 1986.

On September 11, 1986, Tenenbaum–Hill filed a notice of intent to appeal the order determining protest with the Board as required by TEX.PROP.TAX CODE ANN. sec. 42.06(a) (Vernon 1982).

On October 23, 1986, First Union filed its petition with the district court appealing the Board's order. The Board filed a motion to dismiss for want of jurisdiction alleging that First Union failed to file its petition in the district court within 45 days after notice of the order determining protest as required by TEX.PROP.TAX CODE ANN. sec. 42.21(a) (Vernon Supp.1988). The trial court granted the Board's motion to dismiss. The Board argues that September 5, 1986, the date Tenenbaum–Hill received notice of the order determining protest, was the date of notice to First Union and that the petition was filed 48 days after notice to the property owner.

■ Following a protest hearing, an appraisal review board must make a decision by written order and "deliver by certified mail a notice of issuance of the order and a copy of the order to the property owner and the chief appraiser." TEX.PROP.TAX CODE ANN. sec. 41.47 (Vernon 1982). To exercise a right of appeal, the property owner "must file written notice of appeal within 15 days after the date he receives the notice required by Section 41.47" and "must file a petition for review with the district court within 45 days after the party received notice that a final order has been entered." Section 42.06(a); Section 42.-21(a). The taxpayer's receipt of notice required by Section 41.47 triggers the running of the period in which the taxpayer must file a notice of appeal and must file his petition with the district court. *MCI Telecommunications Corporation v. Tarrant County Appraisal District*, 723 S.W.2d 350 (Tex.App.—Fort Worth 1987, no writ); *Poly–America, Inc. v. Dallas County Appraisal District*, 704 S.W.2d 936 (Tex.App.—Waco 1986, no writ); *Herndon Marine Products, Inc. v. San Patricio County Appraisal Review Board*, 695 S.W.2d 29 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). The failure to file the requisite notice of appeal or petition within these periods bars any appeal. *Texas Architectural Aggregate, Inc. v. Adams*, 690 S.W.2d 640 (Tex.App.—Austin 1985, no writ); *Rockdale Independent School District v. Thorndale Independent School District*, 681 S.W.2d 225 (Tex.App.—Austin 1984, writ ref'd n.r.e.).

First Union argues that notice to Tenenbaum–Hill did not constitute notice "to the property owner" pursuant to Section 41.47. First Union contends that absent proper notice, First Union was not required to comply with Section 42.21(a) and that the "45 day time period in which the property owner must file his petition for review" did not commence. We agree.

■ The fiduciary letter of authorization which First Union sent to the Board stated:

FIDUCIARY
LETTER OF AUTHORIZATION

This is to authorize: Tenenbaum–Hill Associates, Inc.

1111 W. Mockingbird Lane, Suite 170

Dallas, Texas 75247

to act in our behalf as our agent in assessment matters related to property owned, possessed, or controlled by the undersigned for the accounts/properties listed.

The authority of the agent is as follows:

[x] This agent is delegated full authority to handle all matters relative to assessments with your office. You are to divulge to him any and all information which we have submitted to you.

[ ] To have sent to his office, all assessment notices, tax statements, forms, etc., relative to these properties.

While we have delegated the above authority to this agent, we accept full responsibility for any and all actions he makes in our behalf. We understand that we may be required to furnish additional information which, at our option, may be provided directly or through this agent to you.

If arbitration is demanded, the rightful discharge of an arbitrator's duty calls for and presupposes the most absolute impartiality. Therefore, the attorney of record or tax representative is not eligible to serve as arbitrator.

Date: July 15, 1986

Signed: s/Glenn J. Brokaw

Glenn J. Brokaw

Title: Vice President–General Counsel and Secretary

(Officer)

Business Name: _____

Owner's Name: First Union Real Estate Investments

Owner's Mailing Address: 55 Public Square, Suite 1900

Cleveland, Ohio 44113

---

This letter reemphasized the name and address of the property owner and implicitly denied Tenenbaum–Hill's authority as agent to receive "all assessment notices, tax statements, forms, etc., relative to these properties." Although TEX. PROP.TAX CODE ANN. sec. 1.11 (Vernon 1982) does provide that notices may be delivered to a fiduciary, a written request by the property owner is required. The instant letter fails to reflect such a request. The square authorizing that notices be sent to Tenenbaum–Hill was not checked by the property owner.

The cases cited by the Board, *Dallas County Appraisal District v. Lal,* 701 S.W.2d 44 (Tex.App.—Dallas 1985, writ ref'd n.r.e.), and *MCI Telecommunications Corporation v. Tarrant County Appraisal District,* supra, are not controlling. In *Lal,* the court held that the property owner failed to comply with the administrative procedures required by Chapters 41 and 42 of the Property Tax Code. While discussing Lal's cross-point (which the court expressly noted was unnecessary to the holding), the court stated that notice of the appraised value given to Lal's agents who managed the assessed property was within the scope of the agency and was imputed to the principal. The court further cited TEX. PROP.TAX CODE ANN. sec. 25.19(f) (Ver-

non 1982)[1] and observed that notice was not a condition pertaining to the validity of the appraisal or of the tax. We are not concerned with Section 25 of the Property Tax Code. *Lal* did not involve a protest and notice pursuant to Section 41.47(d).

The taxpayer in *MCI Telecommunications* had requested both in writing and orally that all correspondence concerning the protest be sent to the attention of Richard Taylor, MCI's Senior Property Tax Representative. The court merely held that the evidence was sufficient to show that notice was properly sent to the fiduciary.

The Board argues that the "apparent authority [of an agent] is not diminished by any private limitations placed on him by his principal unless those limitations are communicated to third parties dealing with the agent." The agency relationship and the limitation that First Union placed on Tenenbaum–Hill were communicated to the Board when the property owner elected not to place an "X" in the square that authorized the sending of notices to the fiduciary.

The judgment of the trial court is reversed, and the cause is remanded for trial.

1. Section 25.19(f) provides:
   Failure to receive the notice required by this section does not affect the validity of the appraisal of the property, the imposition of any tax on the basis of the appraisal, the existence of any tax lien, or any proceeding instituted to collect the tax.