Opinion issued October 28, 2004






            











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-01238-CV
__________
 
BPAC TEXAS, LP AS THE PROPERTY OWNERS AND
THE PROPERTY OWNERS, Appellants

V.

HARRIS COUNTY APPRAISAL DISTRICT AND
HARRIS COUNTY APPRAISAL REVIEW BOARD, Appellees
 

 
 
On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2002-45969
 

 
 
MEMORANDUM OPINION
          In this ad valorem property tax case, appellants, BPAC Texas, LP and the
individual owners of a retail center (collectively, BPAC), challenge the trial court’s
rendition of summary judgment in favor of appellees, the Harris County Appraisal
District (HCAD) and the Harris County Appraisal Review Board (HCARB)
(collectively, the taxing authorities), on BPAC’s claims that the subject property was
unequally and excessively appraised. In two issues, BPAC contends that the trial
court erred in granting summary judgment in favor of the taxing authorities and in
denying BPAC’s motion for continuance.
          We affirm.
Factual and Procedural Background
          BPAC owns a tract of real property located in Harris County, Texas and
comprising approximately 590,000 square feet. A retail shopping center occupies
approximately 140,000 square feet of the property. For tax year 2002, HCAD
appraised the property as having a market value of $13,681,900 and assessed ad
valorem taxes on the property based on that value.
          BPAC filed a protest of that valuation and designated an agent to act as its
representative at an administrative hearing on its protest, which was held before a
three-member panel of HCARB. Before the hearing, BPAC’s agent, Kevin Begnaud
of Deloitte & Touche, L.L.P., signed and submitted a written statement to HCARB
expressing his opinion that the value of the property was $12,075,920. Begnaud
attended the hearing, as did Robert Guiberteau, who appeared as a representative of
HCAD. At the hearing, the representatives of the parties offered the following sworn
testimony to the chairman of the HCARB panel:
Chairman:Let the record reflect that . . . the value we set will be based
only on what we hear in this hearing. Mr. Guiberteau, are
you ready for a description?
 
Guiberteau:Yes, sir. [The subject property is] a Randall’s center built
in 1993, 142,180 square feet on 590,852 square feet of dirt
for a noticed value of [$]13,681,900. However, the district
did a recalculation on income and in the informal has
offered the [$]12,075,920; and we’ll agree with that
number.
 
Chairman:Okay. Thank you, Mr. Guiberteau. Mr. Begnaud, is that
the property and is that value agreeable to you?
 
Begnaud:Yes, it is.
 
Chairman:Okay. Then we’ll close testimony and deliberate.

After a brief deliberation, the HCARB panel set the appraised value of the property
at $12,075,920 for tax year 2002. HCARB subsequently ordered HCAD to correct
the appraisal roll accordingly, and HCARB sent a copy of its order to BPAC. The
order informed BPAC that
IF YOU ARE DISSATISFIED WITH THE ARB’S DECISION, YOU
MAY FILE SUIT IN DISTRICT COURT. YOU OR YOUR
ATTORNEY MUST FILE YOUR PETITION WITH THE DISTRICT
COURT WITHIN 45 DAYS OF THE DATE YOU RECEIVE THIS
NOTICE.

          In September 2002, BPAC filed suit against the taxing authorities alleging that
the property had been unequally and excessively appraised. The taxing authorities
answered the suit and, approximately one year later, filed a motion for summary
judgment “based on the agreement of value between the parties” and the
enforceability of such agreement, pursuant to section 1.111 of the Tax Code.


 In its
response to the motion for summary judgment, BPAC denied the existence of any
agreement between its agent and HCAD as to the value of the property and moved for
a continuance to conduct additional discovery. The trial court granted the taxing
authorities’ motion for summary judgment without making an express ruling on
BPAC’s motion for continuance.
Standard of Review
          Summary judgment is proper only when the evidence shows that there are no
issues of material fact and that the moving party is entitled to judgment as a matter
of law. Tex. R. Civ. P. 166a(c). We may affirm a summary judgment only when the
record shows that a movant has disproved at least one element of each of the
plaintiff’s claims or has established all of the elements of an affirmative defense as
to each claim. Id.; Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). 
The movant has the burden of showing that there is no genuine issue of material fact
and that it is entitled to judgment as a matter of law. Dow Chem. Co. v. Francis, 46
S.W.3d 237, 242 (Tex. 2001). In deciding whether there is a disputed material fact
issue precluding summary judgment, proof favorable to the non-movant is taken as
true, and the court must indulge every reasonable inference and resolve any doubts
in favor of the non-movant. Id.
Analysis
          The taxing authorities moved for summary judgment on BPAC’s claims based
solely on the argument that, as a matter of law, BPAC, through its designated agent,
had reached a final and enforceable agreement with HCAD as to the appraised value
of the property and, therefore, the provisions of the Tax Code foreclose BPAC from
contesting the appraisal in an appeal to the trial court.
          In its first issue, BPAC contends that the trial court erred in granting summary
judgment in favor of the taxing authorities because (1) no agreement as to the
appraised value of the property existed between BPAC and any representative of
HCAD and (2) BPAC has an “absolute” statutory due process right to seek a judicial
appeal from any determination of the appraised value of its property made by
HCARB.
          Here, there is no dispute that BPAC designated an agent to act on its behalf in
its dealings with HCAD and in the proceedings before HCARB. With respect to
agreements between property owners and taxing authorities, the Tax Code provides,
in relevant part, as follows:
An agreement between a property owner or the owner’s agent and the
chief appraiser is final if the agreement relates to a matter:
 
(1)which may be protested to the appraisal review board or on which
a protest has been filed but not determined by the board . . . .

Tex. Tax Code Ann. § 1.111(e) (Vernon 2001).
          Our objective in construing a statute is to determine and give effect to the
intent of the lawmaking body. Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,
966 S.W.2d 482, 484 (Tex. 1998). In so doing, we look first to the plain and common
meaning of the statute’s words. Fitzgerald v. Advanced Spine Fixation Sys., Inc., 996
S.W.2d 864, 865 (Tex. 1999). We should not adopt a construction that would render
a law or provision absurd or meaningless. See Chevron Corp. v. Redmon, 745 S.W.2d
314, 316 (Tex. 1987); Mueller v. Beamalloy, Inc., 994 S.W.2d 855, 860 (Tex.
App.—Houston [1st Dist.] 1999, no pet.).
          The summary judgment evidence contradicts BPAC’s assertion that no
agreement existed between it and HCAD as to the appraised value of the property. 
The sworn testimony presented at the protest hearing plainly establishes the existence
of an agreement concerning the appraised value of the property, as attested to by
representatives of both BPAC and HCAD. Moreover, the summary judgment
evidence also establishes that, at the time that the agreement between BPAC and
HCAD concerning the appraised value of the property was announced, BPAC’s
protest of the initial appraised value of the property had not been determined by the
board; thus, pursuant to the provisions of section 1.111(e), the agreement was final,
regardless of whether it was later approved or adopted by HCARB. See Tex. Tax
Code Ann. § 1.111(e).



          BPAC argues, in the alternative, that construing section 1.111(e) as prohibiting
it from pursuing a lawsuit deprives it of its statutory due process right to appeal an
order of an appraisal review board. As noted by BPAC, the Tax Code permits a
property owner to appeal “an order of the appraisal review board determining a
protest by the property owner” to a district court. Tex. Tax Code Ann. § 42.01
(Vernon 2001); see id. § 42.21 (Vernon 2001).
          It is well-established that the collection of taxes constitutes deprivation of
property; therefore, a taxing authority must afford a property owner due process of
law. McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco, Dep’t of Bus.
Regulation of Florida, 496 U.S. 18, 36-37, 110 S. Ct. 2238, 2250-51 (1990); ABT
Galveston Ltd. P’ship v. Galveston Cent. Appraisal Dist., 137 S.W.3d 146, 155 (Tex.
App.—Houston [1st Dist.] 2004, no pet.); see U. S. Const. amend. XIV; Tex. Const.
art. I, § 19. However, “[d]ue process simply affords a right to be heard before final
assessment; it does not detail the review mechanism.” ABT, 137 S.W.3d at 155
(quoting Dallas County Appraisal Dist. v. Lal, 701 S.W.2d 44, 47 (Tex. App.—Dallas
1985, writ ref’d n.r.e.)). Texas courts have held that, in cases involving taxation, due
process is satisfied if a taxpayer is given an opportunity to be heard before an
assessment board at some stage of the proceedings. ABT, 137 S.W.3d at 155; Denton
Cent. Appraisal Dist. v. CIT Leasing Corp., 115 S.W.3d 261, 266 (Tex. App.—Fort
Worth 2003, pet. denied); Lal, 701 S.W.2d at 47.
          Here, BPAC filed a protest and was given an opportunity to present and argue
the grounds of its protest at a hearing before a panel of HCARB. Instead of pursuing
its protest, BPAC choose to reach an agreement with HCAD as to the appraised value
of its property, and its agent attested to the existence of the agreement on the record. 
HCARB’s subsequent order, despite its language, did not “determine” the outcome
of BPAC’s protest because, as indicated by the plain language of section 1.111(e), the
agreement between BPAC and HCAD was final at the time that it was made and did
not require HCARB’s approval. Therefore, we conclude that the summary judgment
record established, as a matter of law, that BPAC was not deprived of its statutory due
process rights to appeal “an order of the appraisal review board determining a protest
by the property owner.”
          Accordingly, we hold that the trial court did not err in granting summary
judgment in favor of the taxing authorities. We overrule BPAC’s first issue.
Motion for Continuance
          In its second issue, BPAC argues that the trial court erred in denying, by
implication, its motion for continuance.


 We review a trial court’s decision to deny
a motion for continuance for abuse of discretion. Carpenter v. Cimarron
Hydrocarbons Corp., 98 S.W.3d 682, 685 (Tex. 2002).
          On appeal, BPAC argues that, at the time that the taxing authorities filed their
motion for summary judgment, a continuance was necessary to permit BPAC to
conduct discovery on “the allegation that prior to the board hearing [BPAC’s] agent
suggested that an agreement as to the proper value be entered into; however,
[HCAD’s] representative refused.” However, in its motion for continuance and in its
briefing to this Court, BPAC did not explain why it could not have obtained
discovery on this issue through its own diligence during the preceding year of
litigation, or why it could not have obtained such discovery from its own designated
agent who attended the tax protest proceedings and engaged in settlement discussions
with the taxing authorities. See Tex. R. Civ. P. 166a(g); 252.
          Accordingly, we hold that the trial court did not abuse its discretion in denying
BPAC’s motion for continuance. We overrule BPAC’s second issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Bland.