Affirmed and Opinion filed May 31, 2007








Affirmed and Opinion filed May 31, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00676-CV

____________

 

DEBORAH S. SONDOCK, AS THE PROPERTY
OWNERS AND THE PROPERTY OWNERS, Appellants

 

V.

 

HARRIS COUNTY APPRAISAL DISTRICT, Appellee

 



 

On Appeal from the 125th
District Court

Harris County, Texas

Trial Court Cause No. 2005-55534

 



 

O P I N I O N








In this ad valorem property tax case, appellants, Deborah
S. Sondock and the individual owners of the property at issue (collectively, Athe Sondocks@), challenge the
trial court=s granting of summary judgment in favor of appellee,
Harris County Appraisal District (AHCAD@),[1]
on the Sondocks= claims that the subject property was
unequally and excessively appraised.  In their sole issue, the Sondocks argue
that the trial court erred in granting HCAD=s motion for
summary judgment.  We affirm. 

I.  Background

The Sondocks are the owners of real property located in
Harris County.  For tax year 2005, HCAD appraised the property at a value of
$919,556 and assessed ad valorem taxes on the property based on that value. 
The Sondocks filed a protest of that valuation and their designated agent, Alex
Lindsay, acted as their representative at the protest hearing,[2]
which was held before a three-member panel (the Board).  The entire recorded
portion of the hearing consists of the following testimony:

Mr. Twiddy [HCAD=s representative]:     Okay.  We
are now recording.  My name is Elvin Twiddy, and I am under oath.

Board Member 1:   Thank you.

Ms. Lindsay:          My name as (sic)
Alex Lindsay, and I am under oath.

Board Member 1:   Thank you both
and the opinion of value of this property is?

Ms. Lindsay:          880500

Board Member1:    880500?

Ms. Lindsay:          Yes.








Board Member 1:   Thank you very
much.  Mr. Chair.

Board Member 2:   Okay.  Thank
you.  Okay.  [Inaudible] since you=re an agent, we=ll go directly to the District for the description.  Mr.
Twiddy.                  

Mr. Twiddy:            We have
ownership under Sondock, Deborah S. at 9226 Wickford Drive, Houston, Texas
77024, Lot 12, the Bayou Woods Section 3 Subdivision, 1950 build, single-family
residence, 5288 square feet of living area, extensive remodeling, very good
CDU, slab foundation, A minus grade, central heating and A/C, good physical
condition, brick veneer exterior walls, 11 rooms total, 1 recreation room,
one1/2 bath, 4 full bathrooms, 5 bedrooms, $919, 556 for Tax Year 2005.

Board Member 2:   Okay.  Other than
the values, that=s a great description.

Ms. Lindsay:          Yes, sir.

Board Member 2:   Okay.  You may
proceed.

Ms. Lindsay:          I have based
it on the IST Ratio Comparable Sales Analysis.

Mr. Twiddy:            And does
your ratio look like this one?

Ms. Lindsay:          It does.

Mr. Twiddy:            It does.

Mr. Twiddy:            The District
concurs.  The District would recommend $880,000 even, based on the ratio.

Board Member 2:   Okay.  880 even. 


I guess there=s no rebuttal?

Ms. Lindsay:          No, sir.

Board Member 2:   Okay.  Account
ending in 0012 for Tax Year >05, the value is and shall be $880,000.

This ends the hearing.  

Following the hearing, the Board issued an Order
Determining Protest setting the appraised value at $880,000 and sent a copy of
the order to the Sondocks.  The order stated that the Sondocks had the right to
appeal the Board=s decision in district court.  The
Sondocks subsequently filed suit in district court.  HCAD moved for summary
judgment, which the trial court granted.








II.  Analysis

In their sole issue, the Sondocks argue that the trial
court erred in granting HCAD=s motion for summary judgment.  In a
traditional motion for summary judgment, the movant bears the burden of
establishing that there is no genuine issue of material fact and that it is
entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison County Hous. Fin.
Corp., 988 S.W.2d 746, 748 (Tex. 1999).  A defendant is entitled to summary
judgment only upon (1) conclusive negation of at least one element of each of
the plaintiff=s causes of action, or (2) conclusive establishment of
each element of an affirmative defense to each claim.  KPMG, 988 S.W.2d
at 748; Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex.
1997).  In deciding whether there is a disputed material fact issue precluding
summary judgment, summary judgment evidence favorable to the nonmovant will be
taken as true, every reasonable inference must be indulged in favor of the
nonmovant, and any doubts are resolved in the nonmovant=s favor.  KPMG,
988 S.W.2d at 748; Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 549
(Tex. 1985).  We review de novo the trial court=s decision to
grant summary judgment.  Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699
(Tex. 1994).

HCAD moved for summary judgment on the basis that the
Sondocks are barred from appealing the appraisal issue to the trial court
because of an agreement they reached (through their agent) with HCAD regarding
the value of the property.  The Tax Code provides that:

(e) An agreement between a property owner or the owner=s agent and the chief appraiser is
final if the agreement relates to a matter:

(1) which may be protested to the appraisal review board or on which a
protest has been filed but not determined by the board; or

(2) which may be corrected under Section 25.25 or on which a motion for
correction under that section has been filed but not determined by the board.








Tex. Tax Code ' 1.111(e).  The
Sondocks argue that (1) no agreement was reached that was related to a matter
specified under Section 1.111(e), and (2) the interpretation of Section
1.111(e) as precluding a judicial appeal in this case unconstitutionally denies
them their due process rights.

We find that an agreement related to a matter specified
under Section 1.111(e) was reached between HCAD and the Sondocks.  At the
protest hearing, the Sondocks offered their opinion on the value of the
property at $880,500.  After reviewing the basis for the Sondocks= valuation, HCAD=s representative
stated that:  AThe District concurs.  The District would recommend
$880,000 even, based on [the Sondocks=] ratio.@  One of the panel
members then asked the Sondocks if they had any Arebuttal,@ to which they
replied they did not. 








The Tax Code does not define the term Aagreement@; therefore, we
use the ordinary meaning of the term.  See Tex. Gov=t Code ' 312.002; Martin v. Harris County
Appraisal Dist., 44 S.W.3d 190, 194 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied).  The American Heritage Dictionary defines the term
agreement as Athe act of agreeing; harmony of opinion; accord.@  The American Heritage Dictionary of the English Language (4th ed. 2006). 
There can be no doubt that at the time HCAD >concurred= with the Sondocks= valuation, there
was harmony of opinion between the Sondocks and HCAD as to the value of the
property for approximately $880,000 (with the Sondocks receiving the benefit of
HCAD rounding the estimate down to an even number).  The Sondocks contend that
the lack of an agreement is evidenced by the fact that the parties did not act
upon the agreement or Aannounce@ the agreement to
the court.  We do not read Section 1.111(e) to require such actions.  See
Tex. Tax Code 1.111(e). 
Therefore, we find that the Sondocks and HCAD reached an agreement as to the
value of the property.  Additionally, at the time this agreement was reached
between the parties, the agreement related to a matter in which a protest had
been filed but not determined by the Board (in fact, the Board was in the
process of hearing the matter when the agreement was reached).  See id. ' 1.111(e)(1); see
also id. ' 41.41(a)(1) (AA property owner
is entitled to protest before the appraisal review board the . . . 
determination of the appraised value of the owner=s property. . . .@).  Because the
agreement related to such a matter, at the moment it was reached, it became
final.  That finality rendered any subsequent determinations by the Board
regarding the value, such as the order it entered, irrelevant.  See id.
' 1.111(e).        

Our finding of an agreement between the Sondocks and HCAD
regarding the value of the property is also in accordance with the legislative
intent of the current version of Section 1.111.  In 1993, the Legislature
amended section 1.111(e) by deleting the previous requirement that the Board
must approve of the agreement before it became final.  See Act of May
28, 1989, 71st Leg., R.S., ch. 796, ' 2, 1989 Tex. Gen.
Laws 3591 amended by Act of May 26, 1993, 73rd Leg., R.S., ch. 1031,
1993 Tex. Gen. Laws 4443 (codified at Tex. Tax Code ' 1.111).  It is
apparent that the Legislature, in making such a change, intended to make it
easier for parties to reach agreements in the event of a dispute involving
taxable property.  Our finding of an agreement here, where there was clearly a
meeting of the minds as to the proper value of the property, only furthers that
purpose.               

The Sondocks also argue that a finding of a final agreement
precluding their judicial appeal is unconstitutional in that it denies them
their due process rights.  It is well‑established that the collection of
taxes constitutes deprivation of property; therefore, a taxing authority must
afford a property owner due process of law.  McKesson Corp. v. Div. of
Alcoholic Beverages & Tobacco, Dep=t of Bus.
Regulation of Florida, 496 U.S. 18, 36‑37 (1990); ABT Galveston Ltd. P=ship v. Galveston
Cent. Appraisal Dist., 137 S.W.3d 146, 155 (Tex. App.CHouston [1st
Dist.] 2004, no pet.); see U.S.
Const. amend. XIV; Tex. Const. art. I, ' 19.  However, A[d]ue process
simply affords a right to be heard before final assessment; it does not detail
the review mechanism.@ ABT, 137 S.W.3d at 155 (quoting Dallas
County Appraisal Dist. v. Lal, 701 S.W.2d 44, 47 (Tex. App.CDallas 1985, writ
ref=d n.r.e.)).  Texas
courts have held that, in cases involving taxation, due process is satisfied if
a taxpayer is given an opportunity to be heard before an assessment board at
some stage of the proceedings. ABT, 137 S.W.3d at 155; Denton Cent.
Appraisal Dist. v. CIT Leasing Corp., 115 S.W.3d 261, 266 (Tex. App.CFort Worth 2003,
pet. denied); Lal, 701 S.W.2d at 47.








In this case, the Sondocks filed a protest and were given
an opportunity to present their contentions before the Board.  During that
protest hearing, HCAD stated that it agreed with the Sondocks= opinion regarding
the value of the property and the Sondocks offered no further complaints
following HCAD=s stated accord.  We cannot imagine how the Sondocks
were deprived of due process when they were given the opportunity to present
their arguments to a legal panel and they reached an agreement fully satisfying
their stated contentions.  As a result, we find that the Sondocks= agreement with
HCAD did not violate their due process rights by precluding them from appealing
the appraisal issue.  We hold that the trial court did not err in granting
summary judgment in favor of HCAD. 








We note the close similarity between our facts and those
that came before our sister court in BPAC Texas, LP as the Property Owners
and the Property Owners v. Harris County Appraisal District and the Harris
County Appraisal Review Board,  No. 01-03-01238-CV, 2004 WL 2422033 (Tex.
App.CHouston [1st
Dist.] October 28, 2004, no pet.) (mem. op.).  In BPAC, the appellants
(BPAC), owners of the property at issue in that case, filed a protest from the
valuation of their property after the property was appraised by HCAD (same
entity involved in this case) for purposes of assessing property taxes.  Id.
at *1.  At the protest hearing, which was also before the Harris County
Appraisal Review Board, HCAD=s representative stated that HCAD had
lowered its appraised value of the property.  BPAC=s representative
was then asked if the revised value was Aagreeable@ to BPAC, to which
he replied it was.  The hearing then ended, and the Board issued an order that
appears to contain the exact same boilerplate language as the order issued in
this case regarding the property owner=s right to appeal
the Board=s decision to a district court.  BPAC subsequently
filed suit against HCAD and the Board in district court regarding the matter,
but the trial court granted the taxing authorities= motion for
summary judgment.  Id.  After analyzing BPAC=s complaints
regarding the district court=s granting of summary judgment, the First
Court of Appeals held, pursuant to Section 1.111(e), that the parties reached
an agreement during the protest hearing, and because the protest had not yet
been determined by the Board, the agreement was final, thereby precluding BPAC=s right to
appeal.  Id. at *2-3.  The Court held that any subsequent actions by the
Board had no effect on the finality of that agreement.  Id. at *3.  The
Court also found that BPAC=s due process rights were not violated by
this preclusion, as BPAC Awas given an opportunity to present and
argue the grounds of its protest@ and that Ainstead of
pursuing its protest, BPAC chose to reach an agreement.@  Id. at
*3.  As a result, the court found that the trial court did not err in granting
summary judgment in favor of the taxing authorities.  Id. at *4.  We
find the court=s analysis in deciding that case thoroughly
instructive to the remarkably similar facts at hand.  We overrule the Sondocks= sole issue. 

We affirm the trial court=s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Opinion filed May 31, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.

 









[1]  The Appraisal Review Board of Harris County
Appraisal District (Athe Board@)
was also named as a defendant in appellant=s
petition.  It is undisputed that appellant never obtained service over the
Board.  Even though only HCAD moved for summary judgment, the judgment in this
case is nonetheless final for purposes of appeal.  A judgment is final Aif it disposes of all pending parties and claims in
the record.@  Lehmann v. Har‑Con Corp., 39 S.W.3d
191, 195 (Tex. 2001).  To determine whether a judgment disposes of all pending
claims and parties, it may be necessary for the appellate court to look to the
record in the case. Id.  There must be some Aclear indication that the trial court intended the
order to completely dispose of the entire case.@  Id. at 205.  Therefore, a judgment is final for purposes of
appeal when (1) the judgment expressly disposes of some, but not all
defendants, (2) the only remaining defendants have not been served or answered,
and (3) nothing in the record indicates that the plaintiff ever expected to
obtain service on the unserved defendants.  See Youngstown Sheet & Tube
Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1962) (describing when failure to
obtain service on defendant may be treated as a nonsuit for purposes of
determining finality of judgment); see also M.O. Dental Lab. v. Rape,
139 S.W.3d 671, 674‑75 (Tex. 2004) (holding that decision in Penn
survives Lehmann); In re Sheppard, 193 S.W.3d 181, 187 (Tex. App.CHouston [1 Dist.] 2006, orig. proceeding).





[2]  Section 1.111(a)-(b) describes the procedure by
which a property owner may designate an agent to act as their representative.  Tex. Tax Code ' 1.111(a)-(b).  The record reflects that the Sondocks
signed a written document designating Lindsay as their agent.  The parties do
not dispute the validity of this designation.