Affirmed and Memorandum Opinion filed January 6, 2009














Affirmed and Memorandum Opinion filed January 6, 2009.

 

In The

Fourteenth Court of
Appeals

 

_______________

 

NO. 14-07-00919-CV

_______________

 

JAMES AND MARY SMITH PRINCE AS THE PROPERTY OWNERS 

AND THE PROPERTY OWNERS, Appellants

 

V.

 

HARRIS COUNTY APPRAISAL DISTRICT, Appellee

                                                                                                                                               


On Appeal from the 113th District
Court

Harris County, Texas

Trial Court Cause No. 2006-54227

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

 

In two
issues, appellants, James and Mary Smith Prince As The
Property Owners and The Property Owners (collectively Athe Princes@), appeal a summary judgment in favor
of appellee, Harris County Appraisal District (AHCAD@), on the Princes= claim that their property was
excessively and unequally appraised.[1] 
Because all dispositive issues are clearly settled in
law, we issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

I.  Background

HCAD
appraised the value of certain property owned by the Princes at $1,300,000 for
tax year 2006.  Through an agent, the Princes timely filed a protest with
the Appraisal Review Board of Harris County Appraisal District (Athe Board@).  The Princes= agent and an HCAD representative
appeared at a hearing conducted by a panel of the Board.  According to a
transcript of the hearing, the Princes= agent explained his assessment and
opined the value of the property was $950,000.  Subsequently, the
following exchanged occurred:

Chairman:                              
At this time, we=re going to [HCAD] for their presentation and
recommendation.

[very long pause]

[HCAD
Representative]:       We concur with the agent.

Chairman:                              
Okay, You all concur?

Board
Member:                    
I concur.

Chairman:                              
Do you have any _________ [word inaudible]?

[The Princes=
Agent]:           
Nothing further.

Chairman:                              
Thank you. Okay.  On Account ending 0020, it is the 
_________ [phrase inaudible] value of this property of $1,300,000 is the
testimony of the property owner=s representative and the testimony of [HCAD].  Now
property owner=s rep recommended a value for the year 2006 $950,000.  [HCAD]
concurs.  The panel concurs.  So value for 2006 is placed at
$950,000.  That ends the hearing.  

 

The
Board entered a written order reducing the appraised value from $1,300,000 to
$950,000.  In the order, the Board stated the Princes had a right to
appeal the decision to a district court.  The Princes filed a petition for
judicial review in the trial court, contending the property was excessively and
unequally appraised.  HCAD filed a motion for summary judgment.  The
trial court signed an order granting the motion and dismissing the Princes= claims.  

II.  Standard of Review 

A party
moving for traditional summary judgment must establish that no genuine issue of
material fact exists and it is entitled to judgment as a matter of law.  See
Tex. R. Civ. P.
166a(c);  Provident Life & Accident
Ins. Co. v. Knott, 128 S.W.3d 211, 215B16 (Tex. 2003).  A defendant is entitled to
summary judgment if it conclusively negates at least one element of each of the
plaintiff=s causes of action or pleads and conclusively establishes each element of
an affirmative defense.  Sci. Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex.
1997).  We review a summary judgment de novo.  Knott, 128 S.W.3d at 215.  We take all evidence favorable to
the nonmovant as true and indulge every reasonable
inference and resolve any doubts in favor of the nonmovant. 
Id.

III.  Analysis 

HCAD
moved for summary judgment on the ground that the Princes were precluded from
appealing the $950,000 appraised value via judicial review because they
(through their agent) reached an agreement with HCAD regarding this
value.  HCAD relied on section 1.111(e) of the Texas Tax Code, which
provides in pertinent part:

An
agreement between a property owner or the owner=s agent and the chief appraiser is final if the
agreement relates to a matter:

(1) which may be protested to the appraisal review board or on
which a protest has been filed but not determined by the board; 

Tex. Tax Code Ann. ' 1.111(e)(1)
(Vernon 2008).

 

In two
interrelated issues, the Princes contend the trial court erred by granting
summary judgment because their appeal was not precluded under section 1.111(e).
Specifically, the Princes argue no legally binding agreement existed because
neither party Aacted upon@ their oral concurrence regarding the
property value by announcing or submitting an agreement to the Board; instead,
the parties allowed the Board to issue an order determining the protest. 
In addition, the Princes suggest that this subsequent order vitiated any
agreement and rendered section 1.111(e) inapplicable.  The Princes
emphasize the portion of section 1.111(e) providing that an agreement is final
if it relates to a matter Aon which a protest has been filed but
not determined by the board.@  Tex. Tax Code Ann. ' 1.111(e) (emphasis added).  The
Princes also rely on Tax Code section 42.01 which  provides in pertinent
part, AA property owner is entitled
to appeal: (1) an order of the appraisal review board determining: (A) a
protest by the property owner as provided by Subchapter C of Chapter 41. . . .@ 
Tex. Tax Code Ann. ' 42.01 (Vernon 2008) (emphasis added).  In essence, the
Princes contend they maintained an absolute right to appeal because their
protest was resolved by the Board=s order, as opposed to any agreement
between the Princes and HCAD.  Finally, the Princes assert the trial court
denied their constitutional rights to due process by ruling
their appeal was precluded.

 

In Sondock v. Harris County Appraisal District,
we considered the same issue and rejected arguments virtually identical to
those raised by the Princes.  231 S.W.3d 65, 67B71 (Tex. App.CHouston [14th Dist.]
2007, no pet.).  The Sondocks= agent appeared at their protest
hearing and rendered an opinion regarding the value of their property. Id. at 67B68. 
HCAD=s representative stated, AThe District concurs,@ although she
recommended the amount be rounded down to an even number.  Id. at 68.  A Board member then orally announced the value
at this amount.  Id. 
Subsequently, the Board entered a written order setting the value accordingly
and stating the Sondocks had a right to appeal. 
Id. 
The Sondocks filed suit in district court, claiming
the property was excessively and unequally appraised.  Id. at 67B68. 
The trial court granted HCAD=s motion for summary judgment on the ground the Sondocks were precluded under section 1.111(e) from appealing
the appraised value via judicial review based on their agreement with HCAD at
the hearing.  Id. at 68B69.

When
affirming the summary judgment, we concluded the Sondocks
and HCAD reached an agreement regarding the property value.  Id. at 69.  Because the Tax Code does not define Aagreement,@ we used the ordinary meaning: Athe act of agreeing; harmony of opinion;
accord.@  Id.  (citing
Tex. Gov=t Code ' 312.002;  Martin v. Harris
County Appraisal Dist., 44 S.W.3d 190, 194 (Tex. App.CHouston [14th Dist.]
2001, pet. denied); The American
Heritage Dictionary of the English Language (4th ed. 2006)).  The Sondocks and HCAD were in harmony of opinion based on the
exchange at the protest hearing.  Id.

We also
stated that section 1.111(e) does not require the parties to Aact upon@ or Aannounce@ the agreement before it is
considered final.  Id.
(citing Tex. Tax Code '
1.111(e)).  Further, we noted that the Legislature, in enacting the
current version of section 1.111(e), deleted a previous requirement that the
Board must approve an agreement before it became final; thus, the Legislature
intended to make it easier for parties to reach agreements in property-tax
disputes.  Id. (citing Act of May 28, 1989, 71st Leg., R.S., ch. 796, ' 2, 1989 Tex. Gen. Laws 3591, amended by Act of May
26, 1993, 73rd Leg., R.S., ch. 1031, ' 1, 1993 Tex. Gen. Laws 4440
(codified at Tex. Tax Code ' 1.111)).  Our conclusion that the Sondocks
and HCAD reached an agreement regarding the property value, based on a clear
meeting of the minds, furthered the Legislature=s purpose.  Id.  

Moreover,
we held that the agreement became final at the moment it was reached because it
related to a matter in which a protest had been filed but not determined by the
Board.  Id. (citing Tex. Tax Code '
1.111(e)).  Consequently, any subsequent determinations by the
Board regarding the value, including the Board=s order, were rendered
irrelevant.  Id. (citing Tex. Tax Code '
1.111(e)).

 

Further,
we rejected the Sondocks= due-process contention.  Id. at 69B71.
We recognized that a property owner=s right to due process relative to
collection of taxes is satisfied if he is given an opportunity to be heard
before an assessment board at some stage of the proceedings.  Id. at 70 (citing ABT Galveston Ltd. P=ship v. Galveston Cent. Appraisal
Dist., 137 S.W.3d 146, 155 (Tex.
App.CHouston
[1st Dist.] 2004, no pet.); Denton
Cent. Appraisal Dist. v. CIT Leasing Corp., 115 S.W.3d 261, 266 (Tex. App.CFort Worth 2003,
pet. denied); Dallas County Appraisal Dist. v. Lal, 701 S.W.2d 44, 47 (Tex. App.CDallas 1985, writ
ref=d n.r.e.)).  Accordingly, the Sondocks were not deprived of due process because they were
given the opportunity to present their arguments to the Board and they reached
an agreement with HCAD regarding the property value which fully satisfied their
contentions.  Id.

Finally,
in Sondock, we found instructive a sister
court=s opinion expressing the same
conclusion when addressing a remarkably similar issue.  Id. at 70B71 (citing BPAC Texas, LP as the
Property Owners and the Property Owners v. Harris County Appraisal Dist.,
No. 01‑03‑01238‑CV, 2004 WL 2422033 (Tex. AppCHouston [1st Dist.] October 28, 2004, no pet.) (mem.op.)).  Additionally, our court and the sister court have since
cited Sondock when rejecting contentions
substantially similar to those raised by the Princes.  See Verm v. Harris County Appraisal Dist., No.
14-06-01046-CV, 2008 WL 2580041 (Tex.
App.CHouston
[14th Dist.] July 1, 2008, no pet.) (mem. op.); Mann v. Harris County Appraisal Dist.,
No. 01-07-00436-CV, 2008 WL 1747807 (Tex.
App.CHouston
[1st Dist.] Apr 17, 2008, no pet.) (mem.op.); Hartman v. Harris County
Appraisal Dist., 251 S.W.3d 595 (Tex. App.CHouston [1st Dist.]
2007, pet. denied). 

 

Nevertheless,
the Princes contend that the above-cited cases are not controlling because they
conflict with Matagorda County Appraisal District v. Coastal Liquid
Partners, L.P., 165 S.W.3d 329 (Tex. 2005).  According to the Princes,
the Texas Supreme Court held that an appraisal board, by entering an order on a
protest, impliedly rejected the appraisal district=s claim it had reached an agreement
with the taxpayer.  However, Matagorda
 County is
distinguishable from the above-cited cases; the supreme court
merely upheld the board=s determination that a lessee=s protest regarding the value of certain properties had
not been resolved by the property owner=s agreement with the appraisal district regarding other
properties. See id. at 331B32; see also Mann, 2008
WL 1747807, at *5 (holding Matagorda County does not stand for general
proposition that an appraisal board, by entering an order on a protest,
impliedly rejects appraisal district=s claim that an agreement has been
reached).  Therefore, we will follow Sondock
and the other above-cited cases.

We hold
that (1) pursuant to section 1.111(e), the Princes and HCAD reached a final
agreement at the hearing when the HCAD representative Aconcur[red]@ with the Princes= agent regarding the value of the
property, (2) this final agreement precluded appeal of the appraised value,
despite the Board=s subsequent order, and (3) the Princes were not deprived of
their rights to due process by application of section 1.111(e). 
Accordingly, the trial court did not err by granting HCAD=s motion for summary
judgment.    

We
overrule the Princes= two issues and affirm the trial court=s judgment.

 

 

/s/       
Charles W. Seymore

Justice

 

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Seymore.














[1]  The Princes also named the Appraisal Review
Board of Harris County Appraisal District as a defendant and appellee.  However, the record indicates, and it is
apparently undisputed, this party was not served.  Although only HCAD
moved for summary judgment, the judgment is final for purposes of appeal. 
See Sondock v.
Harris County Appraisal Dist., 231 S.W.3d 65, 67 n.1 (Tex. App.CHouston
[14th Dist.] 2007, no pet.) (recognizing
summary judgment was final in same circumstances).